UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

| | |
|---|---|
| LEON ROBINSON,<br>Plaintiff<br><br>v.<br><br>THOMAS MENINO, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, CHARLES HARDY, AMERICAN BROADCASTING CO., INC., HEARST-ARGYLE STATION INC., WCVB TV (Channel 5, Boston) DENNIS MCCARTHY AND JOHN DOE I,<br>Defendants | |

## **DEFENDANTS EVANS, WYSE, PRIMM, MARTEL, ROCK, MITCHELL & HARDY'S MOTION TO STAY THE PROCEEDINGS**

Defendants move for a stay of the proceedings in the above captioned case for the following reasons:

1. On February 21, 2001 Plaintiff Leon Robinson ("Robinson") was lawfully arrested and his residence was searched pursuant to a search warrant issued by Judge Anne Kenney Chaplin.

2. Robinson alleges that the search warrant was invalid.

3. Plaintiff has filed a civil rights suit against Paul Evans, the former Commissioner of the Boston Police Department, Sergeant Detective James Wyse, Detective Michael Primm, Detective John Martel, Detective Wayne Rock, Detective Garrett Mitchell and Officer James Hardy. Plaintiff claims that items were illegally seized from his home after he had been legally arrested. Plaintiff claims, pursuant to 42 U.S.C. §1983 that his Fourth

1

Amendment rights were violated. Additionally, he claims violations of his rights guaranteed by the Massachusetts Civil Rights Act. Robinson further alleges a claim for trespass.

4. Plaintiff is currently incarcerated at Old Colony Correctional Center in Bridgewater, awaiting trial on the matter he was arrested for. Plaintiff's criminal matter is currently on the docket at Suffolk Superior Court, CR2001-10384.

5. Plaintiff's civil claims arise out of the underlying criminal proceeding.

6. The rule in the First Circuit is that federal suit for damages under §1983 must be stayed pending completion of a parallel criminal prosecution in state court if the validity of the state criminal charge is a necessary issue in the federal suit. See Guerro v. Mulhearn, 498 F.2d 1249, 1255 (1st Cir. 1974).

7. The purpose of this rule is to avoid undermining state criminal prosecutions and to avoid litigating questions that could be settled by those prosecutions. See Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).

8. It is the best use of judicial resources to stay the instant proceedings until the criminal matters are adjudicated.

9. Co-Defendants do not object to staying the proceedings and all parties reserve their right to assert affirmative defenses and file motions to dismiss if necessary.

For the forgoing reasons, the Defendants respectfully request this Court stay the proceedings pending the outcome of the underlying criminal matter.

Respectfully submitted,

DEFENDANTS, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL & CHARLES HARDY

Merita A. Hopkins
Corporation Counsel

By their attorney,


/s/ Margaret H. Sanel
Margaret H. Sanel, BBO# 648701
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4936


CERTIFICATE OF SERVICE

I, Margaret H. Sanel, hereby certify that on this date I served a copy of the foregoing documents upon: Leon Robinson (A-22594), Old Colony Correctional Center, Bridgewater, MA 02324, via first class mail.


| 6/21/04 | /s/ Margaret H. Sanel |
|---|---|
| Date | Margaret H. Sanel |