UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEON ROBINSON,<br>           Plaintiff,<br><br>     v.<br><br>MAYOR THOMAS M.<br>MENINO, et al.,<br>           Defendants. | )<br>)<br>)<br>)     C.A. No. 04-11023-RCL<br>)<br>)<br>)<br>) |

ORDER ON MOTION TO STAY THE PROCEEDINGS (Docket No. 4)

For the reasons set forth below, the Court denies without prejudice the motion to stay these proceedings. The Boston Police defendants shall file certified or attested copies of all records and proceedings in the state court action and a certified or attested copy of all docket entries in the state court action, within twenty-one (21) days from the date of this Order.

DISCUSSION

On May 21, 2004, defendants Paul Evans, James Wyse, Michael Primm, John Martel, Wayne Rock, Garrett Mitchell and Charles Hardy (collectively, the "Boston Police Defendants") filed a Notice of Removal of plaintiff Leon Robinson's civil rights action from Suffolk Superior Court. See Notice of Removal (Docket No. 1). Co-defendants Hearst-Argyle Station, Inc. and WCVB TV (collectively, the "Broadcast Defendants") assented. Id. at ¶ 5. Now before the Court is the Boston Police Defendants' motion to stay the proceedings until completion of the criminal charges that are now pending against plaintiff Leon Robinson in state court. See Docket No. 4.

However, in filing their Notice of Removal, the Boston Police Defendants failed to comply with the requirements of 28 U.S.C. § 1446(a) and Local Rule 81.1, in that they have not filed with this Court a copy of the docket sheet and a copy of each document filed in the state court action. This Court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed

no further if such jurisdiction is lacking. See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988); see also 28 U.S.C. § 1446(c)(4). Without a copy of the state court record, this Court is unable to determine whether the defendants have met their burden to show that removal is proper and certainly cannot rule on the merits of the pending motion to stay. Therefore, the Court grants the Boston Police Defendants additional time to file a copy of the docket sheet and a copy of each document filed in the state court action.

## ORDER

Accordingly, for the reasons stated above,

(1) the Court denies without prejudice the motion (Docket No. 4) to stay the proceedings; and

(2) the Boston Police defendants shall file certified or attested copies of all records and proceedings in the state court action and a certified or attested copy of all docket entries in the state court action, within twenty-one (21) days from the date of this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of March, 2005.

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE