UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEON ROBINSON, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-11023-RCL |
| THOMAS MENINO, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF DEFENDANTS AMERICAN BROADCASTING COMPANIES, INC., HEARST-ARGYLE STATION INC., AND WCVB TV (CHANNEL 5, BOSTON) TO EXTEND TIME TO ANSWER OR RESPOND TO COMPLAINT**

Defendants American Broadcasting Companies, Inc., Hearst-Argyle Television, Inc. d/b/a/ WCVB-TV Channel 5 (incorrectly sued herein as Hearst-Argyle Station Inc. and WCVB TV (Channel 5, Boston)) (collectively, the "Broadcast Defendants") respectfully submit this Motion to Extend Time to Answer or Otherwise Respond to Complaint. More specifically, defendants request an extension of time to file a responsive pleading until the Court (a) determines whether it has subject matter jurisdiction over this case; and (b) assuming jurisdiction does exist, rules on the Motion to Stay Proceedings filed by defendants Paul Evans, James Wyse, Michael Primm, John Martel, Wayne Rock, Garrett Mitchell and Charles Hardy (the "Boston Police Defendants"). As grounds for their motion, the Broadcast Defendants state as follows:

1.  On June 21, 2004, the Boston Police Defendants filed a Motion to Stay these proceedings until completion of the murder charges pending against the plaintiff in state court. See generally Guerro v. Mulhearn, 498 F.2d 1249, 1255 (1st Cir. 1974). The Boston Police Defendants previously had filed a Notice of Removal of plaintiff's action from Suffolk Superior Court (Docket No. 1).

-2-

2. Plaintiff's claims against the Broadcast Defendants arise out of the same search and seizure challenged in his claims against the moving parties.

3. On or about July 7, 2004, the Broadcast Defendants filed a response to the Motion to Stay stating that they had no objection to the issuance of a stay pending the outcome of plaintiff's criminal trial provided that the stay is of all claims asserted by the plaintiff herein and is without prejudice to the right of the Broadcast Defendants to assert all of their defenses (including the statute of limitations) upon the lifting of the stay.

4. On March 24, 2005, the Court issued an Order on Motion to Stay Proceedings. The Court denied the Motion to Stay _without prejudice_ and granted the Boston Police Defendants 21 days to file certified or attested copies of all records and proceedings and docket entries in the state court action to permit the Court to determine whether it has jurisdiction over this case.

5. Granting the Broadcast Defendants the requested extension of time within which to file a responsive pleading will serve the interests of judicial economy. Should the Court decide that it has jurisdiction, and then grant the Boston Police Defendants' Stay Motion, there will be no need for any responsive pleading to be filed by the Broadcast Defendants while the stay remains in effect. Should the Court decide that jurisdiction does not exist, the Broadcast Defendants would file their responsive pleading (or move to stay) after remand to the court with proper jurisdiction. Finally, should this Court retain jurisdiction but deny the Motion to Stay, the Broadcast Defendants would file their responsive pleading in accordance with the same schedule governing the Boston Police Defendants.

WHEREFORE, Defendants American Broadcasting Companies, Inc., Hearst-Argyle Television, Inc. d/b/a/ WCVB-TV Channel 5 (incorrectly sued herein as Hearst-Argyle Station Inc. and WCVB TV (Channel 5, Boston)) respectfully move for an extension of time to file a responsive pleading until the Court (a) determines whether it has subject matter jurisdiction over this case; and (b) assuming jurisdiction does exist, rules on the Motion to Stay Proceedings filed by the Boston Police Defendants.

    Respectfully submitted,

**AMERICAN BROADCASTING COMPANIES, INC. and HEARST-ARGYLE TELEVISION, INC. d/b/a WCVB-TV CHANNEL 5,**

By their attorneys,

/s/ Jonathan M. Albano
Jonathan M. Albano, BBO# 013850
Brandon L. Bigelow, BBO # 651143
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated:  April 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff Leon Robinson (A-225594), Old Colony Correctional Center, Bridgewater, MA 02324 and on counsel of record for the defendants by mail on April 8, 2005.

/s/ Jonathan M. Albano
Jonathan M. Albano