was aired on ABC-Nightline News show 24/7 without plaintiff's consent permission or knowledge violated plaintiff's right of privacy, which constitutes "deliberate indifference" and contributed to and proximately caused the above violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Declaration of Rights.

5. Defendant Thomas Manino and "John Doe,I" failure to have proper and adequate provisions, policies, regulations and procedures in place to obtain, screen and execute search warrants, which violated the plaintiff's right's under the due process and equal protection clause of the Fourth and Fourteenth Amendment to the United States Constitution and the Massachusetts Declaration of Rights.

**B. Issue an injunction ordering defendant Thomas Manino and/or his employees or agent to:**

1. Immediately arrange for the plaintiff's return of all property which was seized from plaintiff's apartment on the day of the illegal search.

2.Immediately arrange for the plaintiff's need all photographs taken by the named defendant Charlie Hardly and all film which was process by American Broadcasting Company and aired on ABC-Nightline News show 24/7 that is only to be destroyed in front of the plaintiff

3. Carry out without delay the required instructions to obtain and recieve all seized property and photographs of plaintiff's apartment to be tured over to plaintiff immediately.

**C. Award Compensatory damages in the following amount:**

1. $1,000. jointly and severally against defendants Michael Primm, John A. Martel, Wayne Rock, Garrett Mitchell and James Wyse for searching plaintiff's apartment without a warrant and consent or permission;

2. $100,000.jointly and severally against defendants Michael Primm, John A. Martel, Wayne Rock, Garrett Mitchell, James Wyse and Charlie Hardly for Breaking and Entering Plaintiff's Apartment without a valid search warrant and seizing plaintiff's personal effects without plaintiff's consent, permission or knowledge.

3. $100,000.jointly and severally against defendant Michael Primm, John A. Martel, Wayne Rock, Garrett Mitchell, James Wyse and Charlie Hardly for allowing and authorizing American Broadcasting Company (ABC-Nightline News Team) to enter plaintiff's apartment and film the exterior and interior of plaintiff's living quaters without his consent, permission or knowledge which was aired on national television.

4. $10,000. jointly and severlly against defendant Thomas Manino and "John Doe,I" for for the emotional injuries resulting from their failure to have proper provisions and procedures in place for obtaining and screening search warrants.

**D. Award Punitive damages in the following amount:**

1. $50,000. each against defendant Michael Primm, John A. Martel, Wayne Rock, Garrett Mitchell, James Wyse;

2. $20,000. against defendant Charlie Hardly;

3. $20,000. each agaist defendants Thomas Manino and "John Doe,I".

E. Grant such other relief as it may appear that plaintiff is entitled.

F. Plaintiff request trial by Jury.

RESPECTFULLY SUBMITTED
BY PLAINTIFF

Leon Robinson

Leon Robinson,
Plaintiff
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

Date: January 15, 2004

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: Loraine A. Antosca
ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-0377 D | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| LEON ROBINSON | COMMISSIONER FOR THE CITY OF BOSTON; ET AL., |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: N/A<br>Board of Bar Overseers number: | ATTORNEY (if known): N/A |

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E96 | Civil Rights Act, G.L.c. 12,s. 11H | (F) | (XX) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**

(Attach additional sheets as necessary)

A. Documented medical expenses to date:

1. Total hospital expenses ........ $ 0
2. Total Doctor expenses ........ $ 0
3. Total chiropractic expenses ........ $ 0
4. Total physical therapy expenses ........ $ 0
5. Total other expenses (describe) ........ $ 0

**Subtotal $** 0

B. Documented lost wages and compensation to date ........ $ 0

C. Documented property damages to date ........ $ 0

D. Reasonably anticipated future medical and hospital expenses ........ $ 0

E. Reasonably anticipated lost wages ........ $ 0

F. Other documented items of damages (describe) $ 0

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendants mention in the compliant did break and enter plaintiff's apartment without his consent, permission or knowledge and in the absent of a valid search warrant and seized plaintiff's personal property. $ ?

**TOTAL $** ?

**CONTRACT CLAIMS**

(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

N/A

**TOTAL $.** N/A

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record Leon Robinson DATE: 1/15/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN**
**CLERK / MAGISTRATE**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**

**BY.** Lorraine A. Antocca

ASSISTANT CLERK.

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

4

CIVIL DOCKET#: **SUCV2004-00377**

Leon Robinson, A22594,
Plaintiff(s)
vs.
Thomas Menino Comr,

John Doe I,
James Wyse,
Michael Primm,
John A Martel,
Wayne Rock,
Garrett Mitchell,
Charlie Hardley,

Defendant(s)

**ORDER TO COMMISSIONER OF CORRECTION TO PROVIDE CERTAIN INFORMATION REGARDING INMATE ACCOUNT RELATIVE TO PLAINTIFF'S MOTION TO WAIVE FILING FEE AND PROCEED IN FORMA PAUPERIS**

The plaintiff in the above-captioned action has filed a motion to waive the filing fee and court costs (normal) and to proceed in forma pauperis.

Pursuant to G.L. c261 s29, the correctional facility where the prisoner is currently incarcerated shall file a document showing the current status of the plaintiff's canteen account and savings account, if any, and the account activity for the past six (6) months. The document shall be filed within thirty (30) days of the date of this order. The statement is to be mailed to:

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
PRISONER DEPARTMENT, RM. 810
90 DEVONSHIRE STREET
BOSTON, MA. 02109

Dated at Boston, Massachusetts this 24th day of February, 2004.

By the Court, (White, Justice)

BY: [signature]
Assistant Clerk

Notice Sent: 04/24/2004 (ah)
L.R. - (Pro Se) N.A.W. - D.O.C.

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. [signature]
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
NO. 04-0377-D

5

PRISONER PETITIONS - CIVIL ACTION DISPOSITION SHEET

TO: LEON ROBINSON, A22594
ADDRESS: Old Colony Correctional Center
1 Administration Road
Bridgewater, Ma. 02324

DATE:

After a review of your petition and correspondence, the Court has instructed the Clerk's Office to take the following action:

( ) (See attached Order)

(✓) Service is to be made upon defendant(s) by means of (certified) (██████) mail by plaintiff(s).

(✓) A copy of the complaint is to be sent to the Office of the Attorney General or the Department of Corrections by the plaintiff(s).

( ) a copy of the petition is to be sent to the Mass. Correction Legal Service for review and report as to legal representation in this matter.

( ) The trial date of this case will be scheduled by the Clerk's Office and you will be notified.

( ) The case is to be heard by the Court on the basis of briefs and affidavits only on ______________, pursuant to the (plaintiff's) (defendant's) motion __________.

( ) ______________________

( ) The correspondence is to be returned to you because:

( ) it fails to state a claim upon which relief can be granted.

( ) it is a duplication of your pending case in this Court.

( ) it fails to comply with the procedural requirements of Mass. G.L. 258 (Mass. Tort Claims Act) of providing six months notice to the defendant prior to the filing of a complaint and specifically naming the Commonwealth as a defendant.

( ) It fails to state that the proper administrative remedies have been exhausted.

( ) It is incomprehensible.

DATE: 2-24-04

White, J.

ATTEST: [signature]
ASSISTANT CLERK

NOTICE SENT: 04/24/2004 (ah)
L.R. - (Pro Se)

SUMMONSES, ETC. MAILED

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY [signature: Lorraine A. Santosca]
ASSISTANT CLERK.

6

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-00377**

Leon Robinson, A22594,
Plaintiff(s)

vs.

Thomas Menino Comr,
John Doe I,
James Wyse,
Michael Primm,
John A Martel,
Wayne Rock,
Garrett Mitchell,
Charlie Hardley,

Defendant(s)

March 16, 2004 - Motion DENIED. Plaintiff is to make service as set forth in paper #5, via certified mail to serve defendants at their respective business addresses. Plaintiff is to send back attached summonses to Clerk's Office. (White, J.) Attest: [illegible] Asst Clerk

EMERGENCY
MOTION FOR SERVICE BY SHERIFF OFFICE

Now comes the Plaintiff, Leon Robinson, in the above entitled Civil Action pursuant to Rule 4(b), of the Massachusetts Rules of Civil Procedure, and moves this Honorable Court to issue A order that service be made by the Suffolk County Sheriff's Office upon the above referenced defendants.

As grounds for this Emergency Motion the Plaintiff, Leon Robinson, states that pursuant to Rule 4(d)(1), he is required to effect service upon the above referenced defendants at their "last and usual place of abode" and the defendants as Law Enforcement Officers their home addresses are protected information pursuant to M.G.L. c. 66, § 10(d) and therefore not available to the Plaintiff, Leon Robinson

NOTICE SENT: 03/16/2004 (ah)
L.R. - (Pro Se)

to effect service by Certified Mail as Ordered by this Honorable Court, and service must be made by the Suffolk County Sheriff's Department.

**Wherefore**, the Plaintiff, Leon Robinson, respectfully requests that this Honorable Court GRANT his Motion for Service by the Suffolk County Sheriff's Department and issue such Order as deemed necessary and send the Plaintiff, Leon Robinson, the Order and a Payment voucher for the Sheriff.

Respectfully Submitted
by the Plaintiff,
Leon Robinson, Pro se
Leon Robinson, pro se
O.C.C.C. A-22594
One Administration Road
bridgewater, Massachusetts 02324

March 3 ,2004

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY Lorraine A. Dalbora
ASSISTANT CLERK.

7

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-00377**

Leon Robinson, A22594,
Plaintiff(s)

vs.

Thomas Menino Comr,

John Doe I,
James Wyse,
Michael Primm,
John A Martel,
Wayne Rock,
Garrett Mitchell,
Charlie Hardley,

Defendant(s)

2004 MAR 15 P 3:29

**EMERGENCY**

**MOTION TO WAIVE FILING FEE**

Now comes the Plaintiff, Leon Robinson, in the above numbered civil action and, moves pursuant to G.L. c. 261, § 27A - 27G, to re-evaluate his indigency status.

As reasons for this motion, the defendant, Leon Robinson, states that this Honorable Court in assessing his first request to waive filing fees has viewed him as an "inmate" inappropriately in contradiction to the legislative intent of the definition of an inmate pursuant to G.L. ch. 261, § 27A.

G.L. ch. 261, § 27A, Definitions applicable to secs. 27A-27G, states in pertinent part:

"Inmate ", a person committed to, held by, or in the custody of the department of correction or a state or county or

NOTICE SENT: 04/26/2004 (ah)
L.R.
(Pro Se)

4-14-04 Allowed. White, J

federal correctional facility or the treatment center under chapter 123A.

The Plaintiff, Leon Robinson, is not a "inmate" as defined by G.L. ch. 261, § 27A. The Plaintiff, Leon Robinson, is a citizen who is being detained as a pretrial detainee, in liew of bail, pursuant to a Mittimus - To Common Jail in the County of Suffolk, Criminal Docket #SUCR2001-10384 for the alleged crime of murder, which he is presumed innocent until proven guilty by a jury. See Affidavit of Leon Robinson, Exhibit 1.

In assesing the Plaintiff, Leon Robinson's, indigency this Honorable Court has issued an Order to Commissioner of Correction to Prove Certain Information Regarding Inmate Account Relative to Plaintiff's Motion to Waive Filing Fee and Proceed in Forma Pauperis, pursuant to G.L. ch. 261, § 29.

The Plaintiff, Leon robinson, requests this Honorable Court to re-evaluate his indigency status not as this Court has previously assessed him as a "inmate" but as a private citizen and based on the face of his Affidavit of Indigency made pursuant to G.L. ch. 261, § 27A - 27G, attached hereto and incorporated herein by reference, as Exhibit 2.

**Wherefore**, the Plaintiff, Leon Robinson, respectfully requests that this Honorable Court re-evaluate his indigency status under (b) a person whose income, after taxes, is 25 per cent or less of the current poverty threshold established annually by the Community Sevices Administration pursuant to section 625 of the Ecconomic Opportunity Act, as amended, and declare him indigant and waive the filing fees in this civil action along with service costs and fees associated with service by Sheriff's Office.

March 10 ,2004

Respectfully Submitted
by the Plaintiff,
[signature]
Leon Robinson, Pro Se
O.C.C.C.
One Administration Road
Bridgewater, Massachusetts 02324

I HEREBY ATTEST AND CERTIFY ON
MAY 27, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. [signature]
ASSISTANT CLERK.

EXHIBIT 1

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2004-00377**

Leon Robinson, A22594,
Plaintiff(s)
vs.
Thomas Menino Comr,

John Doe I,
James Wyse,
Michael Primm,
John A Martel,
Wayne Rock,
Garrett Mitchell,
Charlie Hardley,

Defendant(s)

AFFIDAVIT OF LEON ROBINSON

I, Leon Robinson, hereby state and depose that:

1. I am the Plaintiff, Leon Robinson, in the above numbered civil action;

2. I, am not an "Inmate" as defined by G.L. ch. 261, § 27A.

3. I, am presently in the custody of the common jail for suffolk County and being detained pursuant to a Mittimus - To Common Jail in the County of Suffolk Criminal Docket #SUCR2001-10384, for the alleged crime of murder, of which I am presumed innocent until proven guilty by jury and remain a citizen of the Commonwealth of Massachusetts.

4. I, am presently detained at the Old Colony Correctional Center, and the Massachusetts Department of Correction pursuant to G.L. ch. , § 52A, having been transfered from the Common Jail for the County of Suffolk as as a "pretial detainee" awaiting trial in Docket No:#SUCR2001-10384.

5. The Superior Court Department in Docket No:#SUCR2001-10384, has previously assessed and determined that I am in fact indigent.

6. I, am indigent and have not funds, assetts, at this present time.

Signed under the penalties of perjury on this 10 day of March, 2004.

by the Affiant,

Leon Robinson, pro se
O.C.C.C. (A-22594)
One Administration Road
Bridgewater, Massachusetts 02324

EXHIBIT 2

Commonwealth of Massachusetts

# AFFIDAVIT OF INDIGENCY

AND REQUEST FOR WAIVER, SUBSTITUTION
OR STATE PAYMENT OF FEES & COSTS

*(Note: If you are **currently confined in a prison or jail** and are not seeking immediate release under G.L. c. 248 §1, but you are suing correctional staff and wish to request court payment of "normal" fees (for initial filing and service), **do not use this form**. Obtain separate forms from the clerk.)*

SUFFOLK SUPERIOR COURT
A Court

LEON ROBINSON V. THOMAS MENINO, ET AL
Case Name and Number (if known)
No:#SUCV2004-00377

Name of applicant Leon Robinson

Address One Administration Road, Bridgewater, Massachusetts 02324
(Street and number) (City or town) (State and Zip)

SECTION 1: Under the provisions of General Laws, Chapter 261, Sections 27A-27G, I swear (or affirm) as follows: **I AM INDIGENT** in that (*check only one*):

☐ (A) I receive public assistance under Transitional Aid to Families with Dependent Children (TAFDC Emergency Aid to Elderly, Disabled or Children (EAEDC), Supplemental Security Income (SSI), Medicaid (MassHealth) or Massachusetts Veterans Benefits Programs; (*circle form of public assistance received*); **or**

☒ (B) My income, less taxes deducted from my pay, is $ -0- per week/month/year *(circle perio that applies)*, for a household of 1 persons, consisting of myself and -0- dependents; which income at or below the court system's poverty level; (*Note: The court system's poverty levels for households of variou sizes must be posted in this courthouse. If you cannot find it, ask the clerk. The court system's poverty level updated each year.*) [List any other available household income for the circled period on this line: -0- ) **or**

☐ (C) I am unable to pay the fees and costs of this proceeding, or I am unable to do so without depriving myself or my dependents of the necessities of life, including food, shelter and clothing.

IF YOU CHECKED (C), YOU MUST ALSO COMPLETE THE SUPPLEMENT TO THE AFFIDAVIT OF INDIGENCY.

SECTION 2: *(Note: In completing this form, please be as specific as possible as to fees and costs known at the time o filing this request. A supplementary request may be filed at a later time, if necessary.)*

I request that the following **NORMAL FEES AND COSTS** be waived (not charged) by the court, or pa by the state, or that the court order that a document, service or object be substituted at no cost (or a lowe cost, paid for by the state): *(Check all that apply and, in any "$____" blank, indicate your best guess as the cost, **if known**.)*

☒ Filing fee and any surcharge. $ 220.00

☒ **Process of service by Sheriff's Office on all defendants**

Filing fee ar any surch