COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

SUFFOLK, SS.                          SUPERIOR COURT DEPARTMENT
                                      CIVIL SESSION
                                      NO:#SUCV2004-00377

LEON ROBINSON,

                        Plaintiff;

vs.                                   AMENDED COMPLAINT

                                  AND DEMAND FOR JURY TRIAL

THOMAS MENINO;
PAUL F. EVENS;
JAMES WYSE;
MICHAEL PRIMM;
JOHN A. MARTEL;
WAYNE ROCK;
GARRETT MITCHELL;
CHARLES HARDLY;
AMERICAN BROADCASTING CO., INC.;
HEARST-ARGYLE STATION INC.;
WCVB TV (Channel 5, Boston);
DENNIS MCCARTHY;
AND;
JOHN DOE I,

                       Defendants.

[1]

## INTRODUCTION

1. The plaintiff, Leon Robinson, brings this civil action against the City of Boston, Boston Police Department, Individual Police Officers, American Broadcasting Company, Inc., Hearst-Argyle Station, Inc., WCVB TV (channel 5, Boston) and individual employees Dennis Mccarthy, and, John Doe I, in both their individual and official capacity pursuant to the Civil rights Act of 1871, 42 U.S.C. § 1983, seeking redress for deprivation of his rights secured by the Constitution of the United States, the Massachusetts Civil Right Act, as added by St.1979, c. 801 § 1, G.L. ch. 12, § 11I, seeking redress of state law tort claims against the defendants for deprivation of his rights at common law, and the state law tort of trespass quare clausum fregit, against joint trespassers, and intentional infliction of emotional distress.

## JURISDICTION

2. The plaintiff, Leon Robinson, brings this civil action

[2]

against the defendants seeking redress for deprivation of his rights secured by the Fourth Amendment to the United States Constitution to be free from unreasonable searched of his home, and rights secured by state law tort for trespass and intentional infliction of emotional distress.

3. The Plaintiff, is a citizen of the United States and a citizen of the Commonwealth of Massachusetts.

4. The defendants, Thomas Menino, Paul F. Evens, James Wyse, Michael Primm, John A. Martel, Wayne Rock, Garett Mitchell, and Charle Hardly, are citizens of the United States and citizens of the Commonwealth of Massachusetts.

5. The defendants, American Broadcasting Company, Inc., is a corporation based in the State of New York, and offices in the Commonwealth of Massachusetts.

6. The defendant, Hearst-Argyle station, Inc., is a corporation based in Manchester, N.H., and offices in the Commonwealth of Massachusetts.

7. The defendant, Dennis McCarthy, is a citizen of the United States and a citizen of the Commonwealth of Massachusetts.

8. The defendant, John Doe I, is a citizen of the United States and is a citizen of the Commonwealth of Massachusetts.

**PARTIES**

9.  The plaintiff, Leon Robinson, is a pretrial detainee being detained in liew if bail, pursuant to a Mittimus - to Common Jail in the Suffolk County, on Criminal Docket No:# SUCR2001-10384, and is detained pursuant to that mittimus by the Suffolk County Sheriff's Department, who has caused him to be transfered pursuant to G.L. ch. 276, § 52A, and to be detained as a pretrial detainee by the Department of Correction at the Old Colony Correctional Center, One Administration Road, Bridgewater, Massachusetts 02324.

10. The defendant, Thomas Menino, is the Mayor of the City of Boston, his place of business[1] is located at Boston City Hall, One city Hall Square, Boston, Massachusetts, and is being sued his official capacity.

11. The defendant, Paul F. Evens is the Commissioner of the Boston Police Department, his place of business is located at 1 Schroder Plaza, Boston, Massachusetts, and is being sued in his official capacity.

---

[1] The home addresses and telephone numbers, of law enforcement, judicial, prosecutorial, department of youth services, correctional and and any other public safety and criminal justice system personnel pursuant to G.L. ch. 66, § 10(d), are not public record and therefore unavailable to the plaintiff, Leon Robinson, for identifying the defendants "last and usual place of abode" pursuant to Rule 4, Mass.R.Civ.P. for identifying the parties home addresses or for service purposes.

12. The defendant, James Wyse, a homicide detective for the Boston Police Department, (hereinafter "Wyse"), is being sued in both his individual and official capacity who at all times relevant to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom, policy or ordinance, within the scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 Schroeder Plaza, Boston Massachusetts, Suffolk County, and is a citizen of the United States of America.

13. The defendant, Michael Primm, a homicide detective for the Boston Police Department, (hereinafter "Primm"), is being sued in both his inividual and official capacity who at all times relevant to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom, policy, or ordinance, within he scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 schroeder Plaza, Boston, Massachusetts, suffolk County, and is a citizen of the United States of America.

14.    The defendant, John A. Martel, is a homicide detective for the Boston Police Department, (hereinafter "Martel"), being sued in both his individual and official capacity who at all times relevant to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom, policy or ordinance, within the scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 Schroeder Plaza, Boston, Massachusetts, Suffolk County, and is a citizen of the United States of America.

15.    The defendant, Wayne rock, is a homicide detective for the Boston Police Department, (hereinafter "Rock"), being sued in both his individual and official capacity who at all times relevant to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom, policy or ordinance, within the scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 Schroeder Plaza, Boston, Massachusetts, Suffolk County, and is a citizen of the United States of America.

[6]

16. The defendant, Garrett Mitchell, is a homicide detective for the Boston Police Department, (hereinafter "Mitchell"), being sued in both his individual and official capacity who at all times relative to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom. policy or ordinance, within the scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 Schroeder Plaza, Boston, Massachusetts, Suffolk County, and is a citizen of the United States of America.

17. The defendant, Charlie Hardly, is a technician for the Boston Police Department, (hereinafter "Hardly"), being sued in both his individual and official capacity who at all times relative to the allegations contained in this Complaint a duly appointed police officer, acting under the color of law, rule, regulation, custom, policy or ordinance, within the scope of his official duties, under the color of authority vested in him as a member of the City of Boston police department, located at 1 Schroeder Plaza, Boston, Massachusetts, suffolk County, and is a citizen of the United States of America.

18. The defendant, American Broadcasting Company, Inc.,[1] a corporation, (hereinafter "ABC") is being sued in its individual capacity and is an affiliated station by contract with Hearst-Argyle, Station Inc., and WCVB - TV (channel 5 Boston), and the sole owner of ABC's Nightline 24/7 program located at 77 West 66th. Street, New York, NY, 10023.

19. The defendant, Hearst-Argyle Station, Inc., a corporation (hereinafter "Hearst-Argyle" is being sued in its individual capacity and is the parent company of WCVB-TV (channel 5 Boston), and is affiliated with the American Broadcasting Company, Inc., located at 959 8th. Avenue, Manchester, New Hampshire 03104, with offices located at 5 TV Place, Needham, Massachusetts 02494-2303.

20. The defendant, WCVB-TV (channel 5 Boston), a corporation, (hereinafter "WCVB-TV"), is being sued in its individual capacity and is owned by the Hearst-Argyle Station, Inc., and is affiliated with the American Broadcasting Company, Inc., the sole owner of ABC's 24/7 program, located at 5 TV Place, Needham, Massachusetts 02494-2303.

---

[1] For purposes of G.L. c. 260, et seq., setting forth the statute of limitations of three years. The plaintiff, Leon Robinson, first became "aware" of the defendants, ABC, Hearst-Argyle, WCVB-TV, (channel 5, Boston), Dennis McCarthy, and John Doe I's, trespass upon his property was on or about July 2001.

20A.  The defendant, Dennis McCarthy, (hereinafter "McCarthy") is a cameraman for ABC's Nightline 24/7 program and is being sued in both his individual and official capacity and is located at 77 West 66th. Street, New York, Ny, 10023.

20B.  The defendant, John Doe I, (hereinafter "Doe I"), is a cameraman for ABC's Nightline 24/7 program and is being sued in both his individual and official capacity and is located at 77 West 66th. Street, New York, Ny, 10023.

**FACTS**

20C.  One or about February 21, 2001 the defendants, Boston Police Department Detectives, Wyse, Primm, Martel, Rock, Mitchell, Hardly, and ABC's cameraman crew members Dennis McCarthy, and John Doe I, who were filming a segment for the Nightline 24/7 program trespassed and unlawfully entered the residence of the plaintiff, Leon Robinson, located at 27 Spring Street, Apt. #53, in West Roxbury, Massachusetts.

21.  The defendants, Wyse, Primm, Martel, Rock, Mitchell, and Hardly did not have a valid search warrant to enter the premisesof the plaintiff, Leon Robinson, nor did they have his consent or permission to allow the defendants, Dennis McCarthy, and John Doe I, into the residence on February 21, 2001, as such said defendants, McCarthy and Doe I, acted as government agents.

22.  During the illegal search of the plaintiff, Leon Robinson's residence the defendants, Wyse, Primm, Martel, Hardly, Dennis McCarthy and John Doe I, photographed the residence's interior, seized and confiscated personal property items, and other tangable items from his residence without his consent or permission, or authority to do so.

[9]

23. The defendants, Dennis McCarthy and John Doe I, without a valid search warrant, consent, permission, or authority to do so on February 21, 2001, trespassed upon the plaintiff, Leon Robinson's, residence and seized photographic images of his residence that included the kitchen area, bathroom area, bedroom area, all closets and cabinets of the residence, to include the taking of photographic images of personal photographs of his family members, and friends.

COUNT I.    VIOLATION OF CONSTITUTIONAL RIGHTS
    Defendants, Menino, Evens, Wyse, Primm,
    Martel, Rock, Mitchell, Hardly, ABC,
    Hearst-Argyle, WCVB-TV, Dennis McCarthy,
    and John Doe I
    (Claims for Compensatory and Punative Damages)

24. The plaintiff, Leon Robinson, hereby incorporates herein by reference the allegations contained in paragraphs 1 through 23.

By the aforesaid actions of the defendants, Wyse, Primm, Martel, Rock, Mitchell, Hardly, ABC, Hearst-Argle, WCVB-TV, Dennis McCarthy, and John Doe I, who intentionally deprived the plaintiff Leon Robinson, of his right to be free from unreasonable and unlawful searches of his home as secured by Fourth Amendment to the United States Constitution.

For which the aforementioned defendants are liable in both their official and individual capacity for which the plaintiff, Leon Robinson, is entitled to recover for compensatory and punative damages.

COUNT II.   VIOLATION OF STATE CONSTITUTIONAL RIGHTS
            AND STATE LAW CLAIM
            Defendants, Menino, Evens, Wyse, Primm,
            Martel, Rock, Mitchell, Hardly, ABC,
            Hearst-Argyle, WCVB-TV, Dennis McCarthy,
            and John Doe I
            (Claims for Compensatory and Punative Damages)

25. The plaintiff, Leon Robinson, hereby incorporates herein by reference the allegations contained in paragraphs 1 through 23.

By the aforesaid actions of the defendants, Wyse, Primm, Martel, Rock, Mitchell, Hardly, ABC, Hearst-Argyle, WCVB-TV, Dennis McCarthy, and John Doe I, who intentionally deprived the plaintiff, Leon Robinson, of his state constitutional rights actionable by M.G.L. ch. 12, § 11I, and StatesLaw Claim of Trespass.

For which the aforementioned defendants are liable in both their official and individual capacity for which the plaintiff, Leon Robinson, is entitled to recover for compensatory and punative damages.

**WHEREFORE,** The defendant, Leon Robinson, respectfully requests that this Honorable Court enter judgment against the the defendants, Thomas Menino, Paul F. Evens, James Wyse, Michael Primm, John A. Martel, Wayne Rock, Garrett Mitchell, Charles Hardly, American Broadcasting Co., Inc., Hearst-Argyle, WCVB-TV, (channel 5, Boston), Dennis McCarthy, and John Doe I, and award the following amounts:

a. $300,000.00 compensatory damages in favor of plaintiff, Leon Robinson;

b. $300,000.00 punative damages in favor of plaintiff, Leon Robinson;

c. Order that all photographic images seized by any and or all defendants to include all originals, and copy's thereof be turned over to the plaintiff, Leon Robinson;

d. Award cost and fees associated with this civil action, including reasonable attorney fees, and legal fees to the plaintiff Leon Robinson;

e. Such other and further relief that this Honorable deems just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

The defendant, Leon Robinson, hereby demands pursuant to Rule 38(b), of the Massachusetts Rules of Civil Procedure, for trial by jury in this civil action.

## DECLARATIONS

I, plaintiff, Leon Robinson, hereby certify that all the factual allegations made in this Complaint are true, correct, and made under personal knowledge, and that the plaintiff, Leon Robinson, is competent to testify at trial.

I, plaintiff, Leon Robinson, hereby depose and say that I, have made the foregoing factual allegations and claims under the pains and penalty's of perjury on this /7 day of March, 2004.

I HEREBY ATTEST AND CERTIFY ON MAY 27, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

Respectfully Submitted
by the Plaintiff,
Leon Robinson
Leon Robinson (A-22594)
Old Colony Correctional Center
Bridgewater, Massachusetts 02324

[13]

**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

9

CIVIL DOCKET#: SUCV2004-00377

Leon Robinson, A22594,
    Plaintiff(s)
vs.
Thomas Menino Comr,

John Doe I,
James Wyse,
Michael Primm,
John A Martel,
Wayne Rock,
Garrett Mitchell,
Charlie Hardley,



SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED
MAR 19 2004
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

    Defendant(s)

SECOND EMERGENCY
MOTION FOR SERVICE BY SHERIFF'S OFFICE

Now comes the plaintiff, Leon Robinson, in the above entitled civil action, pursuant to Rule 4(b), of the Massachusetts Rule of Civil Procedure, and moves this Honorable Court to issue an Order that service on the defendants, American Broadcasting Co., Inc., Hearst-Argyle, WCVB-TV (channel 5, Boston), and Dennis McCarthy be made by the Suffolk County Sheriff's Office.

As ground for this Second Emergency Motion the plaintiff, Leon Robinson, states that pursuant to Rule 4(d)(1), he is required to effect service upon the above referenced defendants at their "last and usual place of abode". The plaintiff, Leon Robinson, is not in possession of their home addressed the only addresses that are available to him are the ones

NOTICE SENT: 04/26/2004 (ah)
L.R.
(Pro Se)
    [1]

listed in his Amended Complaint and Demand for Jury Trial, and therefore is not available to his and the need for service by the Sheriff's Office.

**WHEREFORE,** the plaintiff, Leon Robinson, respectfully requests that this Honorable Court GRANT the relief sought in the body of this motion and issue Order as deemed necessary and send the plaintiff, Leon Robinson, the Order and Payment Voucher for the Sheriff's Office.

March 17, 2004

Respectfully Submitted
by the Plaintiff,
*Leon Robinson*
Leon Robinson, pro se
O.C.C.C. A-22594
One Administration Road
Bridgewater, Massachusetts 02324

I HEREBY ATTEST AND CERTIFY ON
MAY 27, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.