UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

| | |
|---|---|
| LEON ROBINSON,<br>  Plaintiff<br><br>v.<br><br>THOMAS MENINO, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, CHARLES HARDY, AMERICAN BROADCASTING CO., INC., HEARST-ARGYLE STATION INC., WCVB TV (Channel 5, Boston) DENNIS MCCARTHY AND JOHN DOE I,<br>  Defendants | |

## **DEFENDANTS EVANS, WYSE, PRIMM, MARTEL, ROCK, MITCHELL & HARDY'S MOTION TO STAY THE PROCEEDINGS**

Defendants move for a stay of the proceedings in the above captioned case for the following reasons:

1. On February 21, 2001, Plaintiff Leon Robinson ("Robinson") was lawfully arrested and his residence was searched pursuant to a search warrant issued by Judge Anne Kenney Chaplin.

2. Presently, Plaintiff is incarcerated at Old Colony Correctional Center in Bridgewater, MA, and is awaiting his criminal trial for his February 21, 2001 arrest. Plaintiff's criminal matter is docketed at Suffolk Superior Court, CR2001-10384, attached as Exhibit A, and his criminal trial is scheduled for May 16, 2005.

3. Plaintiff's civil claims in the case at bar arise out of this underlying criminal proceeding.

4. In his civil suit, Plaintiff alleges civil rights claims against several defendants, including Paul Evans, the former Commissioner of the Boston Police Department, Sergeant Detective James Wyse, Detective Michael Primm, Detective John Martel, Detective Wayne Rock, Detective Garrett Mitchell and Officer James Hardy.  Plaintiff claims that items were illegally seized from his home after his legal arrest. Plaintiff also claims, pursuant to 42 U.S.C. §1983, that his Fourth Amendment rights were violated and alleges that the search warrant was invalid.  Additionally, he claims violations of his rights guaranteed by the Massachusetts Civil Rights Act and further alleges a claim for trespass.

5. The governing rule in the First Circuit is that a federal suit for damages under § 1983 must be stayed pending completion of a parallel criminal prosecution in state court if the validity of the state criminal charge is a necessary issue in the federal suit. See Guerro v. Mulhearn, 498 F.2d 1249, 1255 (1st Cir. 1974).

7. The purpose of this rule is to avoid undermining state criminal prosecutions and to avoid litigating questions that could be settled by those prosecutions.  See Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).

8. Application of this rule here is appropriate because Plaintiff's civil claims parallel his pending criminal prosecution.  A stay of these civil proceedings will also prevent the undermining of the state criminal proceeding and avoid litigating issues that could be resolved by that proceeding.

9. While on March 24, 2005, this Court denied without prejudice the defendants' initial Motion to Stay  (filed on June 6, 2004), this Court also granted the defendants additional time to file certified copies of all records and proceedings from the removed state court matter.

8. Pursuant to this Court's March 24, 2005 Order, the defendants hand-delivered on April 7, 2005, a certified copy of the state court action from which this matter was removed to this Court. This submission was made well within the 21-day period provided by this Court. These records were then electronically docketed on April 11, 2005 by Docket Clerk, Don Stanhope.

9. The recent filing of these records now provides the Court with the opportunity to establish whether it has proper jurisdiction over this matter, including whether it has jurisdiction to stay these proceedings.

10. Accordingly, the defendants submit this Renewed Motion to Stay and request that this Court stay the Plaintiff's civil proceedings until resolution of the Plaintiff's parallel criminal proceeding.

11. It is the best use of judicial resources to stay the instant proceedings until the criminal matters are adjudicated.

12. Co-Defendants do not object to staying the proceedings and all parties reserve their right to assert affirmative defenses and file motions to dismiss if necessary.

For the forgoing reasons, the Defendants respectfully request this Court stay the proceedings pending the outcome of the underlying criminal matter.

Respectfully submitted,

DEFENDANTS, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL & CHARLES HARDY

Merita A. Hopkins
Corporation Counsel

By their attorney,

/s/  Helen G. Litsas
Helen G. Litsas, BBO# 644848
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, Massachusetts 02201
(617) 635-4023

CERTIFICATE OF SERVICE

I, Helen G. Litsas, hereby certify that on this date I served a copy of the foregoing documents upon: Leon Robinson (A-22594), Old Colony Correctional Center, Bridgewater, MA 02324, via first class mail.

4/27/05         /s/ Helen G. Litsas
Date             Helen G. Litsas