UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

| | |
|---|---|
| LEON ROBINSON,<br>    Plaintiff<br><br>v.<br><br>THOMAS MENINO, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, CHARLES HARDY, AMERICAN BROADCASTING CO., INC., HEARST-ARGYLE STATION INC., WCVB TV (Channel 5, Boston) DENNIS MCCARTHY AND JOHN DOE I,<br>    Defendants | |

**DEFENDANTS JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, AND CHARLES HARDY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.   Introduction**

The Plaintiff, Leon Robinson ("Plaintiff"), brings several causes of action against the Defendants, employees of the Boston Police Department, Sergeant Detective James Wyse, Detective Michael Primm, Detective John Martel, Detective Wayne Rock, Detective Garrett Mitchell and Officer James Hardy (collectively, "Defendants"), and several others, alleging against each defendant a violation of 42 U.S.C. § 1983 ("Count I"), a violation of the Massachusetts Civil Rights Act ("MCRA") ("Count II"), a claim of trespass ("Count III"), and a claim of intentional infliction of emotional distress ("Count IV") stemming from an

incident on February 21-22, 2001.[1] Pursuant to Fed. Civ. R. 12(b)(6), the Defendants move to dismiss all counts of the Plaintiff's Complaint.

In support of their motion, the Defendants state the following: (1) the Plaintiff's claims are barred by the doctrine of collateral estoppel; (2) the Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994); and (3) the Plaintiff's claims are not actionable against the Defendants in either their official or personal capacity. Accordingly, the Defendants respectfully request that this Honorable Court dismiss Plaintiff's complaint, with prejudice.

## II.     Factual Background

### A.  Overview of Plaintiff's Criminal Conviction and Civil Claims

The Plaintiff was arrested and charged with the first degree murder of Ricardo Robinson on February 21, 2001 and illegal possession of a firearm. On May 26, 2005, after a criminal jury trial, the Plaintiff was convicted of Robinson's murder in the first degree, and is currently incarcerated at MCI Cedar Junction. See Exhibit A, Verdict Slips; Exhibit B Suffolk Superior Court Criminal Docket, Commonwealth v. Leon Robinson, No. 01-10384.[2]

---

[1] The Plaintiff's Amended Complaint makes ambiguous reference in its "Introduction" section to claims of trespass and intentional infliction of emotional distress against the Defendants, but does not provide any further detail or specific allegations to support these claims nor does he separately caption these claims. Reading his Amended Complaint generously, the Defendants will infer such claims as part of Plaintiff's Amended Complaint and, for ease of reference in this Memorandum, will refer, respectively, to his trespass and intentional infliction of emotional distress claims as Counts III and IV.

[2]  The Defendants respectfully request that this Court take judicial notice of Exhibits A, B, C, and D as they contain matters of official public record, namely Exhibit A, Commonwealth v. Leon Robinson, No. 01-10384, Verdict Slips; Exhibit B, Suffolk Superior Court Criminal Docket, Commonwealth v. Leon Robinson, No. 01-10384; Exhibit C, Commonwealth v. Robinson, No. 01-10384, Memorandum, Findings and Orders On Defendant's Motions to Suppress Evidence, and Exhibit D, Commonwealth v. Robinson, No. 01-10384, Plaintiff's Notice of Appeal. Such materials do not convert this motion to dismiss into a motion for summary judgment. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (stating that court may, in deciding motion under Fed. R. Civ. P. 12(b)(6), consider official public records); Kyricopoulos v. Rollins, 1994 U.S. Dist. LEXIS 18605 (D. Mass. 1994) (omitting citations) ("On a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered . . . . . public

Plaintiff has filed this civil rights suit against numerous defendants, including Sergeant Detective James Wyse, Detective Michael Primm, Detective John Martel, Detective Wayne Rock, Detective Garrett Mitchell and Officer James Hardy.[3] In his Amended Complaint, Plaintiff ambiguously asserts that in connection with the police investigation into Ricardo Robinson's murder and following his arrest, items were illegally seized from his home. He also asserts, pursuant to 42 U.S.C. § 1983, that his Fourth Amendment and Massachusetts Civil Rights Act rights were violated. Robinson further alleges that on February 21, 2001, the Defendants trespassed and unlawfully entered his residence at 27 Spring Street, Apartment No. 53 in West Roxbury, MA, having neither a search warrant nor his consent to enter the Spring Street premises. He also alleges that the Defendants photographed the interior of his home, seized and confiscated personal property items and other tangible, but unspecified, items from his residence without authority or his consent or permission.

### B. Plaintiff's Motions to Suppress During His Criminal Prosecution

During his criminal prosecution on murder and illegal firearm charges, the Plaintiff filed several motions to suppress seeking to suppress all evidence seized from his Spring Street apartment. See Exhibit B; Exhibit C, Commonwealth v. Robinson, No. 01-10384, Memorandum, Findings and Orders On Defendant's Motions to Suppress Evidence. In these motions, the Plaintiff alleged that the Boston Police conducted a warrantless search of his apartment shortly after his arrest on February 21, 2001 and sought to suppress

---

court documents filed in earlier state court proceedings are public records and may properly be considered in deciding a motion to dismiss").

[3] The Plaintiff has also brought suit against several other defendants, including former Police Commissioner Paul Evans, Hearst-Argyle Station, Inc., WCVB-TV, Dennis McCarthy and John Doe. The Plaintiff also initially brought suit against Thomas Menino, Mayor for the City of Boston, but voluntarily dismissed him on April 16, 2004 while this suit was pending in Suffolk Superior Court prior to removal to this Court.

evidence recovered from his apartment pursuant to the execution of a search warrant issued by the Honorable Anne Chaplin during the early morning hours of February 22, 2001. See Exhibit C at 1. The Plaintiff also alleged that the search warrant affidavit and application failed to establish probable cause to believe that evidence of a crime would be found in his apartment, that the search warrant was overbroad, that the search of his apartment extended beyond the warrant parameters, and that the warrant was invalid due to the judge's failure to execute her signature on it. See id. The Plaintiff also alleged that the warrant affiant made material misrepresentations or mistakes in his February 21, 2001 affidavit and that the photographic identifications made by civilian witnesses were unnecessarily and impermissibly suggestive. See id.

Evidentiary hearings on the Plaintiff's motions to suppress were held on July 14, 15, and 16, 2003 during which several witnesses testified, including Defendants Mitchell, Primm, Martel and Wyse. See id. at 2. On January 24, 2004, Superior Court Justice Joseph M. Walker, III, issued a twenty-five page decision, entitled Memorandum, Findings and Orders On Defendant's Motions to Suppress Evidence. See id. In that decision, the Court (Walker, J.) rejected all of the Plaintiff's arguments and denied all of his motions to suppress. See id. at 25. The Court concluded that there was no Fourth Amendment violation and held that the search of the Plaintiff's apartment on February 22, 2001 and the seizure of various items from Plaintiff's apartment were lawful and conducted properly pursuant to an executed search warrant. See id. at 13-25. The Court also specifically found that no search of the Plaintiff's apartment had been conducted prior to the execution of the search warrant. See id. at 13-14 ("Indeed, the credible evidence produced by the Commonwealth affirms that there was no entry or search of Robinson's apartment prior to the issuance of the search warrant therefore.").

**III.    Argument**

A.    **Application Of The Governing Motion to Dismiss Standard of Review Requires Dismissal Of All Claims Against The Defendant.**

The applicable standard for granting a motion to dismiss is whether the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999).  In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in Plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

This standard of review, however, "does not mean that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." U.S. v. Avx Corp., 962 F.2d 108, 115 (1st. Cir. 1992).  "[A] reviewing court is obliged to neither credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.  Empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts, deserve no deference."  Id. (citations omitted).  Within this analytical framework, the Plaintiff has failed to plead facts sufficient to state a claim against the Defendants and accordingly, the Defendants' Motion to Dismiss should be granted.

5

**B.      This Court Must Dismiss The Plaintiff's Federal Civil Rights Claim In Count I Because (1) It Is Barred By Collateral Estoppel Doctrine and By The Supreme Court's Decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), And (2) Because It Is Not Actionable Against The Defendants In Either Their Official Or Individual Capacity.**

    **1.   <u>The Collateral Estoppel Doctrine Precludes Plaintiff's Claim Because The Fourth Amendment Issue Alleged In Plaintiff's Section 1983 Claim Has Already Been Resolved During Plaintiff's Related Criminal Proceedings.</u>**

The Plaintiff's Section 1983 claim based on an alleged violation of his Fourth Amendment rights cannot proceed because during his state criminal proceedings, the Court concluded that no Fourth Amendment violation occurred during the search and seizure of the Plaintiff's apartment. The Plaintiff's claims against the Defendants are therefore barred by the doctrines of collateral estoppel. Collateral estoppel, also known as "issue preclusion," and the related doctrine of res judicata, "claim preclusion," "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, by preventing inconsistent decisions, and encourage reliance on adjudication." <u>Allen v. McCurry</u>, 449 U.S. 90, 101 (1980), <u>on remand</u>, 647 F.2d 167 (8th Cir.1981), <u>appeal after remand</u>, 688 F.2d 581 (8th Cir.1982). "Federal courts must give the same amount of preclusive effect to a state court judgment as would state courts sitting in the jurisdiction in which the judgment was rendered." <u>Davis v. Schifone</u>, 185 F. Supp. 2d 95, 101 (D. Mass. 2002). In Massachusetts, the courts have held that a criminal conviction bars that individual from relitigating issues from his criminal trial in a civil action. <u>Id.</u> (discussing <u>Aetna Casualty & Surety Co. v. Niziolek</u>, 395 Mass. 737 (1985)). Accordingly, "a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution." <u>Id.</u>, quoting <u>Aetna Casualty & Surety Co. v. Niziolek</u>, 395 Mass. 737 (Mass. 1985).

6

Here, the collateral estoppel doctrine precludes the Plaintiff from relitigating, via this civil action, the Fourth Amendment issue, already argued and ruled upon during the Plaintiff's criminal prosecution. This issue was addressed and rejected by the state criminal court in its extensive findings and decision on Plaintiff's motions to suppress during Plaintiff's criminal proceedings. See Exhibit C. Superior Court Associate Justice Joseph M. Walker, III, issued a twenty-five page decision on Plaintiff's motions to suppress, entitled Memorandum, Findings and Orders On Defendant's Motions to Suppress Evidence, in which he concluded that no Fourth Amendment violation had occurred during the February 22, 2001 search of the Plaintiff's apartment and that the search had been conducted properly pursuant to an executed search warrant. See id. at 13-25. Additionally, the Court held that no search of the Plaintiff's apartment had been conducted prior to the execution of the search warrant. See id. at 13-14 ("Indeed, the credible evidence produced by the Commonwealth affirms that there was no entry or search of Robinson's apartment prior to the issuance of the search warrant therefore."). The doctrine of collateral estoppel therefore bars the Plaintiff from reiterating his Fourth Amendment argument in a civil context. Any decision to the contrary would produce an inconsistent decision with the Plaintiff's criminal proceedings and undermine the finality of those proceedings. Accordingly, the Plaintiff's civil rights claim should be barred.

2. **The Doctrine And Policy Under Heck Effectively Bars Plaintiff's Section 1983 Claim Because the Plaintiff Cannot Be Allowed To Collaterally Attack His Criminal Conviction Through A Civil Suit.**

In addition to the collateral estoppel and res judicata doctrines, the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994) also precludes the Plaintiff's Section 1983 claims against the Defendants. In Heck, the U.S. Supreme Court restricted civil rights claims where the plaintiff's related criminal prosecution was pending or had proceeded such civil claims. The Court explained that "when a state prisoner seeks

7

damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court established such a rule to avoid "the possibility of the [Plaintiff] succeeding in the tort action after having been convicted in the underlying criminal prosecution" and emphasized "a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transactions." Id. at 484-86. Additionally, the Court explained that such a rule prevents a "collateral attack on the conviction through the vehicle of a civil suit," which is not an appropriate mechanism to challenge the validity of an "outstanding criminal judgment." Id.

The governing principles of Heck therefore require dismissal of the Plaintiff's Section 1983 claims against the Defendants. His civil claim is simply another attempt by the Plaintiff to litigate the motions to suppress and Fourth Amendment argument from his criminal prosecution and invalidate his criminal conviction. If through his civil suit the Plaintiff is now allowed to question the validity of the search and seizure, he will undermine not only the criminal court's denial of his motions to suppress, but also his criminal conviction. Under Heck, this is impermissible.

Additionally, the Plaintiff's claim cannot proceed because he has failed to allege a favorable termination of the criminal action against him. In Heck, the Supreme Court explained that in order to succeed in his claim, "a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]," or he has otherwise received a "favorable termination" of the criminal action against him. Id. at 484, 486-487. The Court reasoned that a favorable termination requirement "avoids parallel litigation over the issues of probable cause and guilt." Id. at 484. Here, the Plaintiff has not alleged, nor can he

establish, that his criminal conviction has been overturned or that he has otherwise received a favorable termination of his murder conviction.[4]  Accordingly, Plaintiff's § 1983 claim must be dismissed.

3. **This Court Must Also Dismiss The Plaintiff's Federal Civil Rights Claims In Count I Because It Is Not Actionable Against Any Of The Defendants In Either Their Official Or Personal Capacity.**

   a. **Plaintiff's Claims Against The Defendants In Their Official Capacity Are Not Viable.**

Even if the doctrines under Heck and collateral estoppel did not require dismissal of Plaintiff's federal civil rights claims asserted against the Defendants in their official capacity, they are not viable because they are merely duplicative of claims the Plaintiff has already asserted against the municipal defendant, City of Boston, in Count I.  It is well-established that when an individual files a claim against a public official in his or her official capacity based upon a violation of 42 U.S.C. § 1983, this constitutes "only another way of pleading" an action against the public entity that the official represents.  See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n.55 (1978); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989) ("suit against a public official in his or her official capacity actually a suit against entity her or she represents").  Accordingly, any claim against the Defendants in their official capacity serves as the functional equivalent of claims against the City of Boston.  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

Put another way, a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents where (as is true in this case) the entity received notice and had an opportunity to respond.  Brandon v. Holt, 469 U.S. 464, 471-72

---

[4] According to the Suffolk Superior Court docket, the Plaintiff has recently filed a Notice of Appeal regarding his criminal convictions for murder and illegal firearm possession. See Exhibit D, Plaintiff's Notice of Appeal.  No decision on the Plaintiff's appeal has been rendered.  See Exhibit B.

(1985). Accordingly, the Plaintiff's claim against each of the Defendants in their official capacity should be dismissed.[5]

### b. The Plaintiff's Federal Civil Rights Claims Asserted Against The Defendants In Their Personal Capacity Must Also Be Dismissed.

#### i. The Plaintiff Fails to Allege That Any Of The Defendants Were Directly and Individually Involved In Any Alleged Constitutional Violation.

Even if the Plaintiff's claims § 1983 against the Defendants were not barred by Heck and by the doctrine collateral estoppel, they cannot proceed against the Defendants in their individual capacity because the Plaintiff has failed to allege that any of the Defendants directly participated in the alleged constitutional violation. "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), citing Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). "In order for a state officer to be properly brought into a suit individually under § 1983, the officer must be shown to have been in some manner personally involved in the alleged deprivation of rights." Feliciano v. Dubois, 846 F. Supp. 1033 (D. Mass. 1994). Here, the Plaintiff has failed to specifically allege any individual action or direct participation by the Defendants in the alleged constitutional violation. Accordingly, Plaintiff's claim must fail against each of the Defendants.

---

[5] In Stratton v. Boston, 731 F. Supp. 42 (D. Mass. 1989), the court directed that claims which had been made against the Police Commissioner "in his official capacity" be re-captioned as being directed against the City of Boston. Stratton v. Boston, 731 F. Supp. 42, 46 (1989). Here, such re-captioning of the "official capacity" claims is not required because the Plaintiff has already made the very same claims against the City in Count I.

        **ii.**      **The Plaintiff Also Fails to Allege That Any Such Violation By Defendants Was Committed With The Requisite State of Mind Of Deliberate Indifference.**

The Plaintiff also fails to allege or state a factual basis that any of the Defendants acted with the requisite deliberate indifference towards the Plaintiff. An allegation of deliberate indifference is a requisite component to any Section 1983 claim against each Defendant. See Britton v. Maloney, 901 F. Supp. 444, 453-454 (D. Mass. 1995). The Plaintiff must prove that the each of the Defendants "possessed either the state of mind for the particular constitutional violation or deliberate indifference, and…played a causal role in plaintiff's constitutional violation." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000). Here, the Plaintiff has failed to make such allegation for each of the Defendants. Given these circumstances, the Plaintiff's federal civil rights claims in Count I asserted against the Defendants in their individual capacity should be dismissed.

**C.**    **This Court Should Dismiss The Plaintiff's Massachusetts Civil Rights Claims Against The Defendants Because They Are Not Actionable Against Any Of The Defendants In Either Their Official Or Personal Capacity.**

The Plaintiff has also failed to state viable claims under the Massachusetts Civil Rights Act (MCRA) against the Defendants. The Supreme Judicial Court of Massachusetts has held that the MCRA and 42 U.S.C. § 1983 are parallel statutes, coextensive with one another. See Batchelder v. Allied Stores Corp., 393 Mass. 819, 822-23, (1985); Canney v. Chelsea, 925 F. Supp. 58, 68 (1st Cir. 1996). The courts have traditionally applied the same analytical principles governing Section 1983 claims to MCRA claims. See Britton, supra at 454, citing Lyons v. National Car Rental Systems, Inc. (of Delaware), 30 F.3d 240, 245-46 (1st Cir. 1994); see also Canney v. Chelsea, 925 F. Supp. 58, 68 (1st Cir. 1996) (recognizing the Supreme Judicial Court's view that the MCRA and § 1983 are parallel statutes, coextensive with each other). Accordingly, the governing principles under the Heck and

11

collateral estoppel doctrine apply with equal force to Plaintiff's MCRA claims and require their dismissal.

In addition to these aforementioned reasons, the Plaintiff's MCRA claim in Count II should also be dismissed because the Plaintiff has failed to satisfy the requisite elements of a viable MCRA claim against each of the Defendants. In order to state a MCRA claim, the Plaintiff must allege the added element of the deprivation of his or her rights by threats, intimidation or coercion. G.L. c. 12, § 11H[6]; see Hathaway v. Stone, 687 F. Supp. 708, 711 (1988); Bell v. Mazza, 394 Mass. 176, 182 (1985) (noting that the state legislature explicitly limited the remedy provided by § 11I to situations where the derogation of rights occurs by threats, intimidation, or coercion). The Supreme Judicial Court of Massachusetts has cautioned that by the MCRA, "the Legislature did not intend to create a vast constitutional [and statutory] tort." Bally v. Northeastern Univ., 403 Mass. 713, 718 (1989). In fact, the added requirement of "threats, intimidation, or coercion" was specifically intended to limit liability under the Act. See Bally, 403 Mass. at 718. In interpreting the phrase, the Supreme Judicial Court has repeatedly defined it as requiring actual or potential physical confrontations involving threat of harm. See Planned Parenthood League v. Blake, 417 Mass. 467, 473 n.8 (1994); Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989).

Here, however, the Plaintiff has failed to satisfy this requirement. Nowhere in the Amended Complaint, even when liberally construed, does the Plaintiff allege that any of the Defendants personally or individually threatened, intimidated or coerced him and therefore, the Plaintiff's MCRA count must fail. The fact that the Plaintiff has not alleged

---

[6] G.L. c. 12, § 11H provides a civil cause of action: "Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of

any such personal contact only highlights the absence of any factual basis undergirding the Plaintiff's claims against each of the Defendants.

As for any official capacity claim against the Defendants under the MCRA, it must also fail because such a claim would be the functional equivalent of a claim against the City of Boston. MCRA claims are not permitted against municipalities because a municipality is not a "person" covered by the MCRA. See Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 591-592 (2001). Accordingly, the Plaintiff's claim in Count II must be dismissed.

> **D.   This Court Must Also Dismiss Count III's Trespass Claim Against The Defendants In Both Their Official and Personal Capacity.**
>
> **1.   Plaintiff's Trespass Claims Against The Defendants In Their Official Capacity Are Not Viable.**

As discussed supra, any claim against the Defendants in their official capacity serves as the functional equivalent of claims against the City of Boston. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989). A claim of trespass has already been alleged against the City. Accordingly, Plaintiff's claims against the Defendants in their official capacity are duplicative and must be dismissed.

> **2.   Plaintiff's Trespass Claims Against The Defendants In Their Personal Capacity Are Not Viable.**

The Plaintiff's claim of trespass against the Defendants in their personal capacity fail for the same reasons his federal and state civil rights claims fail. As alleged, the Plaintiff's trespass claims necessarily relate to the facts and evidence supporting his criminal conviction of murder. A trespass claim requires the Plaintiff to prove two elements: (1) that the Plaintiff had actual possession of the property and (2) that Defendants' entry was intentional and illegal. See New England Box Co. v. C & R Constr. Co., 313 Mass. 696, 707 (1943); see also Edgarton v. H.P. Welch Co., 321 Mass. 603, 612-

---

rights secured by the [C]onstitution or laws of the United States or of rights secured by the

6134 (1947) (requiring a voluntary act of entry for trespass); Restatement (Second) of Torts, § 157. This second element, intentional, illegal entry, is accomplished by a voluntary act of entry without right or license. See Edgarton, 321 Mass. at 612-613; see also Shawsheen River Estates Assocs. Ltd. Partnership v. Herman, Civil No. 95-1557 (Mass.Super. Ct. April 11, 1995) ("Any entry without right or license is illegal.") (quoting Blatt v. McBarron, 161 Mass. 21, 22-23 (1894)). With the criminal court having already established that the search of his apartment and seizure of various items was lawful, the Plaintiff cannot allege nor establish that the entry of his premises was illegal or can he collaterally attack his criminal conviction with a civil trespass claim. Accordingly, under Heck, Plaintiff's trespass claim is barred. It is not dispositive that these claims do not fall under Section 1983 as this Court has previously held the Heck principles applicable to intentional tort claims. See Chilingirian v. United States, 2004 U.S. Dist. LEXIS 792 at *5 (D. Mass. 2004). Accordingly, under Heck, Plaintiff's trespass claim is barred. Additionally, the collateral estoppel doctrine, as discussed supra, applies with equal force to Plaintiff's trespass claims and require their dismissal.

>   **E.   This Court Must Also Dismiss Intentional Infliction of Emotional Distress Claims Against Each Of The Defendants In Both Their Official And Personal Capacity.**
>
>   **1. Plaintiff's Claims Of Intentional Infliction of Emotional Distress Against The Defendants In Their Official Capacity Are Not Viable.**

As discussed supra, any claim against the Defendants in their official capacity serves as the functional equivalent of claims against the City of Boston. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989). A claim of intentional infliction of emotional distress has already been alleged against the

---

constitution or laws of the commonwealth."

City. Accordingly, Plaintiff's claim against the Defendants are duplicative and must be dismissed.

### 2. **Plaintiff's Intentional Infliction of Emotional Distress Claims Against The Defendants In Their Personal Capacity Are Not Viable.**

The Plaintiff has also failed to satisfy the stringent standards required for an actionable intentional infliction of emotional distress claims in Count IV against the each of the Defendants. To establish such a claim, the Plaintiff bears the heavy burden of establishing, for each of the Defendants, that: "(1) that the [defendant] intended to inflict emotional distress or that [he] knew or should have known that emotional distress was the likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the actions of the defendant[] w[as] the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Haddad v. Gonzalez, 410 Mass. 855, 871 (1991). This issue is ripe for consideration on a motion to dismiss because "[i]t is for the court to decide whether the defendant's conduct may be reasonably regarded as so extreme as to permit recovery." Orell v. UMass Mem. Med. Ctr., 203 F. Supp. 2d 52, 70 (D. Mass. 2002); see Caputo v. Boston Edison Co., 924 F.2d 11, 14 (1st Cir. 1991). The standard for making a claim of intentional infliction of emotional distress is very high in order to "avoid[] litigation in situations where only bad manners and mere hurt feelings are involved." Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1979).

Here, the Plaintiff has made no allegations elaborating on his alleged emotional distress nor does he allege extreme and outrageous conduct on the part of any of the Defendants. The Plaintiff's Amended Complaint mentions his claim but fails to provide any specific allegation supporting the claim. Such a conclusory and ambiguous claim is insufficient to sustain a claim of severe and extreme emotional distress. See, e.g., Simon v. Solomon, 385 Mass. 91, 93 (plaintiff suffered distress so severe that she was unable to care

15

for children and sought psychiatric counseling); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996). Dismissal of Plaintiff's claims against the Defendants in Count IV is therefore warranted. See Orell, supra at 70 (dismissing plaintiff's claim because after assuming facts alleged are true, court concluded that they do not constitute behavior that is "utterly intolerable in a civilized society" and because plaintiff failed to allege that she "suffered distress so severe that no reasonable person could be expected to endure it"); see also Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (affirming dismissal of claim of intentional infliction of emotional distress under Massachusetts law).

### IV. Conclusion

WHERFORE the Defendants, Sergeant Detective James Wyse, Detective Michael Primm, Detective John Martel, Detective Wayne Rock, Detective Garrett Mitchell and Officer James Hardy, move this Honorable Court to dismiss all allegations and claims against them as contained in the Plaintiff's Complaint in Counts I-III.

**DEFENDANTS REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

    Respectfully submitted,
    DEFENDANTS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, AND CHARLES HARDY,
    Merita A. Hopkins
    Corporation Counsel

    By their attorney:

    /s/ Helen G. Litsas
    Helen G. Litsas, Esq., BBO#644848
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, City Hall
    Boston, MA 02201
    (617) 635-4023 (Litsas)

CERTIFICATE OF SERVICE

    I, Helen G. Litsas, hereby certify that I served <u>Defendants Martel, Wyse, Mitchell, Hardy, Primm and Rock's Memorandum in Support of Their Motion to Dismiss</u> upon the Plaintiff by mailing a copy, postage prepaid, and to all other parties, via electronic filing.

<u>8/12/05</u>                                                                      <u>/s/ Helen G. Litsas</u>
Date                                                                             Helen G. Litsas