UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
    Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
    Defendants

PLAINTIFF LEON ROBINSON'S
MEMORANDUM OF LAW IN SUPPORT OF
HIS OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FEBRUARY 22, 2001 SEARCH WARRANT OF HIS APARTMENT

> The right of the people to be secure in their persons,
> houses, papers and effects, against unreasonable searches
> and seizures, shall not be violated, and no Warrant shall
> issue, but upon probable cause, supported by Oath or
> affirmation, and paricularly describing the place to be
> searched, and the persons or things to be seized.

U.S. Constitution, Fourth Amendment.

## STATEMENT OF RELEVANT FACTS

The February 22, 2001 application for search warrant at 27 Spring street, West Roxbury sought the following items as "evidence of a crime or criminal activity":

(2)

>           A black revolver and ammunition.  One pair of
>           black slacks, one black and white Polo print
>           long sleeve shirt.  Personal papers to show
>           proof of residency, and or occupancy of said
>           premises.  Photographic representation of said
>           premises, and evidence collected.

See Search Warrant Affidavit(S) consisting of four pages (hereafter: "affdavits" ) attached hereto as Exhibit A.

Paragraphs 1 through 16 of the affidavits contain no details of any description from any witness concerning any item to be sought in the search warrant.  No particularized statement was attributed to any witness.

Paragraph 18 generalized that the witnesses mentioned in the affidavit had all idendified the items sought in Paragraph 17 "as being items of closthing worn by the suspect, along with the firearm."

The February 23, 2001 Return of Officer serving Search Warrant, and true copy of Commonwealth's request for Order of Impoundment to hide the wrong doing related to the issuance of the search warrant" (attached hereto as "Exhibit B, and C"), signed by the affiant, Detective Martel, and ADA, listed the following items:

>    1. One Ralph Lauren "Polo" black & white
>       plaid long sleeve shirt/Polo emblem.
>    2. One pair of black denim pants.
>    3. One black & white dew rag.
>    4. One pair of black sneakers.
>    5. One silver chain with large sterling cross.
>    6. One police scanner.
>    7. Personal papers in the name of Leon Robinson.
>    8. Photographic representation (interior & exterior).

(3)

## 1. FAILURE TO PARTICULARIZE FACTS CONSTITUTING PROBABLE CAUSE FOR ISSUANCE OF WARRANT

> To establish probable cause to search,
> "an affidavit must contain enough information
> for an issuing magistrate to determine that the
> items sought are related to the criminal activity
> under investigation, and that they reasonable may
> be located in the place to be searched at the time
> search warrant issuses." **Commonwealth v. Cinelli**,
> 389 Mass. 197, 213, cert. denied, 464 U.S. 860 (1983).

**Commonwealth v. Cruz**, 430 Mass. 838, 840 (2000).

> [A]rt. 14 requires aderence to the principles
> set out in **Aguilar v. Texas**, 378 U.S. 108 (1964),
> and **Spinelli v. United States**, 393 U.S. 410 (1969).
> Under the **Aguilar-Spinelli** standard, a magistrate
> must "be infomed of (1) some of the underlying
> circumstances from which the informant concluded
> that the contraband was where he claimed it was
> (the basis of knowledge test) and (2) some of the
> underlying circumstances from which the affant
> concluded that the informant was 'credible' or his
> information was 'reliable' (the veracity test)."
> **Commonwealth v. Upton**, [394 Mass. 363, 375 (1985)]
> quoting **Aguilar v. Texas**, supra at 114, Each of the
> two prongs must be separately considered and satisfied.
> **Id.** at 375-376.

**Commonwealth v. Reyes**, 423 Mass. 568, 571 (1996).

> While concerned citizens who report information
> to the police out of civic duty ordinarily are not
> subject to the same degree of skepticism as informants,
> **Commonwealth v. Burt**, 398 Mass. 603, 710 (1985), the
> magistrate should be given at least the name of the
> citizen before granting credence to the information.
> **Id. Commonwealth v. Atchue**, supra 393 Mass. 343.

(4)

See. **Roska** v. **Peterson**, 304 F3d. 982 (10th Cir. 2002).

> A person's privacy interest is at its highest in a person's home.

See. **Loria** v. **Gorman**, 306 F3d. 1271 (2nd Cir. 2002).

> Under the Fourth Amendment, no invasion of the sancitity of the home can be dismissed as de minimis.

See. **U.S.** v. **Adams**, 110 F3d. 31 (8th Cir. 1997).

> Under Supreme Court's **FRANKS** decision, search warrant is invalid if affiant knowingly and intentionally, or with reckless disregard for the truth. includes false statement in warrant Affidavit.

**Commonwealth** v. **Rojas**, 403 Mass. 483 (1988).

> All reasonable inferences which may be drawn from the information in the affidavit may also be considered as to whether probable cause has been established. . . .

**Commonwealth** v. **Donahue**, 430 Mass. 710, 712 (2000)(citations omitted)(emphasis supplied). See also **Commonwealth** v. **Alvarez**, 422 Mass. 198, 203-204 (1996).

An affidavit in support of the issuance of a search warrant must contain sufficient facts and information to inform a magistrate that the items sought are connected to criminal activity under investigation and that they can be expected to be found in the location to be searched.

Commonwealth v. Upton, 394 Mass. 363,370-71 (1985); Commonwealth v. Cinelli, 389 Mass. 197, 213 cert. denied, 464 U.S. 860 (1983).

Items seized must be justified within the four coners of the warrant. Commonwealth v. Taylor, 10 Mass. App.Ct. 452, 455 (1980).

> Whether the document dose indeed justify the search depends on whether on its face it is capable of valid exection whether the document, without more, sufficiently limits the descretion of the executing officers so that reference by them to that document makes a "general search () under (it) impossible and prevents the seizure of one thing under a warrant descibing anther."

Id, 454 citing Marron v. United States, 275 U.S. 196 (1927).

   A.  **ITEMS MENTIONED IN THE AFFIDAVIT:** The affiant's conclusory statement in paragraph 17 that witnesses had generally identified closthing worn by the Plaintiff at the time of the alleged incident failed to satisfy the particularity requirement under the Fourth Amendment of the U.S. Constitution and under Article 14 of the Declaration of Rights and pursuant to **G.L. c. 276, §§1, 2A & 2B.**, and violation of **42 U.S.C. § 1983**. Commonwealth v. Upton, 394 Mass. 363, 370-71. See also Commonwealth v. Rojas, 403 Mass. 483, 487 (1988); Commonwealth v. Taylor, 10 Mass. App. Ct. 452, 455 (1980).

The affiant failed to specify which witnesses identified which articles of closthing allegedly worn by the plaintiff.

   B.  **ITEMS NOT MENTIONED IN THE AFFIDAVIT:** The purpose of requiring the police to describe with particlarity the items to be seized before the warrant issues is to protect citizens from unreasonable searches and seizures executed under a general warrant.

(6)

Fourth Amendment to United States Constitution and Article 14, Massachusetts Declaration of Rights.

Clearly, there was no basis for the seizure of items that were not mention or described in the "TWO AFFIDAVITS" supplied by Detective Martel.

The affidavits made **no** mention whatsoever of the Plaintiff wearing a black and white dew rag **or** any jewelry. There was **no** mention of a "silver chain with a large sterling cross. The affidavits did **not** mention a "black and white dew rag" that had anything to do with the Brighton homicide.."Thus, there was **no** probable cause to seize jewelry or black and white dew rag.

There was **no** mention in the affidavits of a police scanner beeing linked to the Brighton homicide. There is **no** basis for any conclusion that the Plaintiff used a police scanner to avoid the police. In fact, the evdence is that the Plaintiff voluntarily surrendered to the police. There was **no** basis for such a seizure.

The affidavits provided absolutely **no** basis for the seizure of any "photographic representation" of the interior of apartment 53 at Spring Street. There was **no** information provided in the affidavits to support any contention that the 27 Spring Street location had any connection **or** role in the Brighton homicide. More significantly, the affidavits sought permission for a "Photographic Representation of the evidence collected" and did not seek to photograph the interior of the premises.

(7)

## C. FAILURE TO CONDUCT SEARCH WITH A VALID WARRANT

"Aricle 14 of the Massachusetts Declaration of Rights "implicitly requires law enforcement officials to possess a copy of the warrant when executing it." **Commonwealth v. Guaba**, 417 Mass. 746, 754 (1994). In the instant matter, the police had an **unsigned warrant** at the time they searched the Plaintiff's apartment. Thus, the search was warrantless. **Id.** at 754-755.

**WHEREFORE,** the Plaintiff Leon Robinson, says that the property and evidence was obtained in violation of his Right to be free from an unreasonable search and seizure as guaranteed by the Fourth Amendment to the Constitution of the United States, Article Fourteen of the Declaration of Rights to the Constitutionof the Commonwealth of Massachusetts, and in violation of the provisions of **G.L c. 276, sections 1-3D as amended.** The Plaintiff move this Honorable Court to move this Civil Action forward for trial and not allow the Defendant's request to dismiss all counts in his complaint, as it is clear the Boston Police, and ABC News should not had trespass nor executing a unsign search warrant, with wrong information in the affidavits.

### PLAINTIFF REQUEST AN ORAL ARGUMENT FOR THIS MOTION ALSO MOVES THIS COURT FOR AN EVIDENTIARY HEARING.

(8)

Respectfully Submitted,
BY THE PLAINTIFF,

_____
LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

CERTIFICATE OF SERVICE

I, Leon Robinson, hereby certify that I served All of the Defendant(S) Attorneys of record copy of the Plaintiff's Opposition to the Defendant's Motion to Dismiss, on this 29th day of August, 2005, by first class prepaid postage.

8/29/05                                  _____
_____                                   LEON ROBINSON, W-85592
Date