UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

| |
|---|
| LEON ROBINSON,<br>Plaintiff<br><br>v.<br><br>THOMAS MENINO, PAUL F. EVANS, JAMES WYSE, MICHAEL PRIMM, JOHN A. MARTEL, WAYNE ROCK, GARRETT MITCHELL, CHARLES HARDY, AMERICAN BROADCASTING CO., INC., HEARST-ARGYLE STATION INC., WCVB TV (Channel 5, Boston) DENNIS MCCARTHY AND JOHN DOE I,<br>Defendants |

## ASSENTED TO MOTION TO ISSUE SUBPOENA

The Plaintiff moves, pursuant to Rule 45 of the Rule of Federal Civil Procedure, with the assent of the Defendant(S), to subpoena tapes, records and individuals to a hearing regarding the taping of the crime scene at 1587 Commonwealth Avenue, on February 21, 2001 and the search of the Plaintiff's apartment at 27 Spring Street, West Roxbury on February 21 or February 22, 2001.

I n support of this motion, the Plaintiff states the following:

1.   In a police report dated February 21, 2001, Officer Joseph Murray stated that ABC News person Dennis McCarthy was present at the crime scene.

2.   At the Plaintiff's motion to suppress hearing, James Wyse of the Boston Police testified that a cameraman from ABC

(1)

News was present at the time of the search of the Plaintiff's apartment.

3. Somtime in 2004, Judge Connolly gave the Plaintiff permission to subpoena documents and videotapes from ABC that related to the search of Plaintiff' apartment and his Criminal case generally. In response to the subpoena, ABC filed a notice with the lower Court that **no** videotapes existed.

4. Plaintiff has recently learned, however, that video-tapes footage relating to Mr. Robinson's Criminal case did in fact exist at one point, but has since been lost.

5. Given ABC's failure to give Defense Counsel **or** the Plaintiff, Leon Robinson, notice that the sought after evidence did exist but was lost, the Plaintiff is now seeking to Subpoena ABC employees and documents/film footage to determine (a) the name of any person who filmed the crime scene and who was present at the search of the Plaintiff's apartment, (b) whether any footage from the locations still exists, and if not, (c) when the videotape was lost.

## LAW REGARING MASS. R. CRIM. P. 17 SUBPOENAS

Pursuit of documents and records in the possession of a nonparty must be considered and analyzed under Mass. R. Crim. P. 17(a)(2). See Commonwealth v. Lampron, 441 Mass. 265 (2004); Application of a Grand Jury of N.Y., 8 Mass. App. Ct. 760 (1979). A supoena to a nonparty prior to trial can only by authorized by a judge on the filing of a motion. Commonwealth v. Lampron, supra at 270.

The party moving to subpoena documents or records to be produced prior to trial must establish good cause by a showing: "' (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of Civil trial by exercise of due diligence; (3) that the part cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obain such inspection may tend unreasonable to delay Criminal, and Civil trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition." Commonwealth v. Lampron, supra at 269, quoting United States v. Nixon, 418 U.S. 683, 699-700. 94 S.Ct. 3090 (1974).

1. **The records are potentially relevant.**

As a threshold matter, the Plaintiff need only make a showing that the records may contain "relevant" information. "The Plaintiff need not make a showing that the records actually contain information that carries, for example, the potential for establishing the unreliability of either the Criminal/Civil charge

or a witness on whose testimony the charge depends." <u>Commonwealth v. Sosnowski</u>, 43 Mass. App. Ct. 367, 373 (1997).  Evidence is generally relevant so long as it has a rational tendency to prove an issue in the case, or makes a desired inferency more probable than it would be without the evidence.  See <u>Commonwealth v. Fayerweather</u>, 406 Mass. 78, 83 (1989); <u>Commonwealth v. Chretien</u>, 383 Mass. 123, 136 (1981).  The desired evidence "need not establish directly the proposition sought; it must only provide a link in the chain of proof." <u>Commonwealth v. Gordon</u>, 407 Mass. 340, 351 (1990).  Evidence is to be considered relevant if it only "throw light," <u>Commonwealth v. Palladino</u>, 346 Mass. 720, 726 (1964) or "sheds light on an issue ," <u>Adoption of Carla</u>, 416 Mass. 510, 513 (1993) , or, "in connection with other evidence, it helps the fact-finder a little."  <u>Commonwealth v. Tucker</u>, 189 Mass. 457, 467 (1905).

In the Civil case at bar, a videotape of the crime scene and/or the search of the Plaintiff's apartment would be the best Evidence of what actually occurred at those scenes.  These tapes are clearly relevant.  However, if the tapes were lost, information regarding when they were lost and by whom are also potentially relevant to the Plaintiff's defense.  It is important to know if the person who had the tapes is aware of what existed on the tapes.

    2.    **The records cannot be discovered in any other way in advance of trial.**

These records and/or tapes are not in the possession, custody or control of the Commonwealth so therefore, no "Normal" Rule 14 discovery request would be fruitfull. In addition, prior to the issuance of the Supreme Judicial Court's decision in <u>Lampron</u>, Plaintiff, Leon Robinson, attempted to subpoena ABC for this Information. The only thing Plaintiff learned at time was that "NO" videotapes existed. Nothing was mentioned that a videotape had been **lost**.

    3.    **The Plaintiff cannot properly prepare for federal civil trial without the production and inspection of these records and contracks, and/or tapes and the failure to obtain the records pretrial may tend to unreasonable delay the trial.**

Plaintiff cannot wait until trial/or wait to this Court allow this Civil Action to move forward to trial to call witnesses because these witnesses would only be relevant if (1) a videotape exists/or existed or (2) the witness can remember what was on the videotape. It is possible that three or four witnesses will be necessary to reconstruct the timeline of the crime scene and search of the Plaintiff's apartment. Without more information at this time, a necessary delay could occur at trial.

4. The request for these records is made in good faith and not intended as a general "fishing expedition."

Obviously, if the videotape exists or the cameraman can remember what is on them, such information is relevant to the offenses charged in the Plaintiff's indicment. The Manual for Complex and Multidistrict Litigation published by the Federal Judicial Center recommends that use of Rule 17(c) be encouraged in criminal and civil cases in order that each party may be compelled to produce its documentary evidence well in advance of trial and in advance of the time it is to be offered. P. 150. See <u>Bowman Dairy Co. v. United States</u>, 341 U.S. 214 (1951). In <u>United States v. Ingraldi</u>, 793 F. 2d 408 (1st Cir. 1986), a defendant claimed prejudice from the delayed disclosures of certain materials subpoenaed one day before the scheduled start of his trial. In rejecting the claim, the First Circuit faulted defense counsel for failing to invoke Rule 17(c), and Rule 45 of the Fderal Rule of Civil Procedure and stated:

> These [subpoenaed] documents were cross-examination material and they were produced in time for the defendant/in this case the Plaintiff to use them in cross-examination. If he had wanted them before that he should have served his subpoena earlier (the government claimed that the delay ensued because the documents had to be collected from several different locations), or moved to have the subpoenas returnable before trial pusuant to the procedures laid down in Federal Rule of Criminal Procedure 17(c).

(6)

Id. at 415.

In for the Plaintiff to receive a fair trial pursuant to the United States Constitution and the Massachusetts Declaration of Rights, the request for the subpoena should be allowed.

**PLAINTIFF REQUEST AN ORAL ARGUMENT FOR THIS MOTION IF THIS COURT ORDERS DENYING THE REQUEST THE PLAINTIFF RE SPECTFULLY REQUEST A HEARING ALSO ON THIS MOTION.**

Respectfully Submitted,
BY THE PLAINTIFF,

LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

CERTIFICATE OF SERVICE

I, Leon Robinson, hereby certify that I served All of the Defendant(S) Counsel(S) of records a true copy of this motion to Issus Subpoena upon the defendants Attorneys on this 2nd day of September, 2005, by prepaid first class mail postage.

9/2/2005
DATE

LEON ROBINSON, W-85592

(7)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
    Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
    Defendants

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I, the Plaintiff, Leon Robinson hereby certify that I have been unable to communicate with neither of the Defendant(S), as I as currently incarcerated at this time and without counsel to communicate with the above defendants, concerning the Plaintiff's Motion to Issue Subpoena and therefore I were unable to resolve or narrow the issues prior to filing the above motion.

(1)

Respectfully Submitted,
BY THE PLAINTIFF,

LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA. 01464

CERTIFICATE OF SERVICE

I, Leon Robinson, hereby certify that on this September 6, 2005, I served a copy of the foregoing documents upon: All of the Defendant(S) Attorney(S)/counsels of records by prepaid first class postage to all parties.

Date: 9/6/05

LEON ROBINSON, PlAINTIFF, W-85592

(2)