UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEON ROBINSON, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 04-11023-RCL |
| THOMAS MENINO et al., | | |
| Defendants. | | |

**OPPOSITION TO "ASSENTED TO" MOTION TO ISSUE SUBPOENA
BY DEFENDANT AMERICAN BROADCASTING COMPANIES, INC.**

Defendants American Broadcasting Companies, Inc. ("ABC") (incorrectly sued herein as American Broadcasting Co., Inc.), and Hearst-Argyle Television, Inc., d/b/a WCVB TV Channel 5 (incorrectly sued herein as Hearst-Argyle Station Inc. and WCVB TV (Channel 5, Boston)) ("Hearst") (collectively, the "Broadcast Defendants"), hereby oppose the "Assented To" Motion to Issue Subpoena filed by plaintiff, Leon Robinson ("Mr. Robinson"). The Motion seeks to subpoena for an undefined hearing tapes, records and individuals concerning the crime scene and the search of plaintiff's apartment in connection with the murder for which plaintiff was convicted. *See Commonwealth v. Leon Robinson*, Suffolk County Superior Ct., Crim. Action No. 01-10384. The grounds for opposition are as follows:

1.  Contrary to the title of the Motion, it is not "Assented To." The Broadcast Defendants were not consulted in advance of the Motion, nor do they assent to the Motion or any other attempt to obtain discovery other than in accordance with the Federal Rules of Civil Procedure and the Local Rules.

2.  The defendant Hearst has no documents responsive to the Motion, for the simple reason that (as explained in the summary judgment motion filed by the Broadcast Defendants), Hearst had nothing to do with the events complained of by the plaintiff. Hearst apparently was named as a defendant only because it owns the local television station that broadcasts programming by ABC, the entity who plaintiff alleges violated his rights.

3.      The plaintiff already should be aware that ABC does not have the documents he says he is looking for.  During the course of the plaintiff's criminal case, ABC was subpoenaed three times by the plaintiff.  ABC submitted an affidavit verifying that it had no videotape of the crime scene or of the search of the plaintiff's apartment.  In addition, Mr. Dennis McCarthy, who was working as a cameraman for ABC on the day of the murder, testified in a pretrial hearing in the plaintiff's criminal case that he was the cameraman who accompanied police when they were investigating the murder and further testified that he did not recall entering the plaintiff's apartment and did not believe that he did so.  The affidavit and excerpts from Mr. McCarthy's testimony also were submitted in support of the Broadcast Defendants' motion for summary judgment.

WHEREFORE, defendants American Broadcasting Companies, Inc. (incorrectly sued herein as American Broadcasting Co., Inc.), and Hearst-Argyle Television, Inc., d/b/a WCVB TV Channel 5 (incorrectly sued herein as Hearst-Argyle Station Inc. and WCVB TV respectfully request that plaintiff's  "Assented To" Motion to Issue Subpoena be denied.

Respectfully submitted,

**AMERICAN BROADCASTING COMPANIES, INC. and HEARST-ARGYLE TELEVISION, INC. d/b/a WCVB-TV CHANNEL 5,**

By their attorneys,

/s/ Brandon L. Bigelow
Jonathan M. Albano, BBO# 013850
Brandon L. Bigelow, BBO # 651143
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

*Of counsel:*

Indira Satyendra, Esq.
American Broadcasting Companies, Inc.
77 West 66th Street
New York, NY 10023-6298
(212) 456-7777

Dated:  September 19, 2005

2

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the plaintiff Leon Robinson (A-225594), Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA 01464 by Federal Express and on counsel of record for the defendants by first class mail and electronically via the ECF/CM on September 19, 2005.

                                               /s/ Brandon L. Bigelow
                                               Brandon L. Bigelow

LITDOCS/614845.1