UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
    Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
    Defendants

## PLAINTIFF'S MOTION FOR SUBPOENA OF DISCIPLINARY FILES

NOW COMES the plaintiff, Leon Robinson, who respectfully moves this Honorable Court to grant plaintiff's motion for a subpoena to issue for the °Internal Affairs files of Detective James Wyse, and Detective John A. Martel from the Boston Police Department pursuant to Rule 17 of the Rule of Federal Civil Procedure, and pursuant to Rule 45 of the Rule of Federal Civil Procedure. See United States v. Bailey, 834 F.2d 218 (1st Cir. 1987); and See Commonwealth v. Wanis, 426 Mass. 639, 643-644 (199).

Plaintiff seeks to have this Honorable Court review the files to determine whether they has ever been disciplined for any act of dishonesty, failure to produce exculpatory evidence or any other acts that might effect their credibilitys as police officer.

(1)

in this case.  In support of this request plaintff states the following:

1.  Detective Wyse is the lead investigator in the instant case.  And Detective John A. Martel was the officer that requested for the Search Warrant in the instant case.  Therefore, their professional credibility will be one of the issues that this Court will need to evaluate before deciding against Mr. Robinson's Civil Action, or Mr. Robinson's guilt or innocence in the instant Federal Civil Action case.  This is a perfectly proper area of cross-examination.  See Smith v. Illinois, 390 U.S. 129 (1967); also See Commonwealth v. Murchinson, 18 Mass. 58 (1994).

2.  Plaintiff submits that Detective Wyse's failure to provide a turret tape to the Plaintiff until **18 months** after its discovery was such an egregious discovery violation that an obective person could believe that the deprivation was intentional.  The turret tape, which contains exculpatory evidence in the form of a witness who called **911** to report he saw the shooter in Mr. Robinson's Criminal case, was eventually provied to the Plaintiff in October 2002.  The tape was requested and received by Detective Wyse sometime in February 2001.  See Memo from James Wyse and Memo from ADA Mark T. Lee attached as Exhibits A and B.

3.  The exculpatory nature of this witness' statement on this turret tape is clear from the moment one hears it, given that the shooter is described as **15 to 17** years old.  See CAD sheet relaying basic facts of call attached as Exhibit C.  The contrast between this description and Mr. Robinson is self evident as he is was in his late thirties at the time of the shooting.

(2)

See Affidavit of Counsel Trial Counsel attached as Exhibit D.

4. The government may may try to pass off this conduct by Detective Wyse as simply a lapse by a busy Detective. Plaintiff, therefore, has the right to impeach his professional credibility as wel as Detective Martel, and to show, if indeed they exist, any other acts of dishonesty during cross-examination to counter any such excuse by the Boston Police and the Government to avoid an unfair presentation of the evidence and, ultimately, an unfair hearings, and trial. United States v. Baily, 834 F.2d 218 (1987); See Commonwealth v. Murchinson, 418 Mass. 58 (1994) See Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article XII of the Massachusetts Declaration of Rights, Brady v. Marland, 373 U.S. 83 (1963), Commonwealth v. Woodward, 427 Mass. 659 (1998), Commonwealth v. Ellison, 376 Mass. 1, 22 (1978), Giglio v. United States, 405 U.S. 105 (1972) and Kyles v. Whitley, 115 S.Ct. 1555 (1995). See Commonwealth v. Spingel, 53 Mass. 1103 (2001) [quoting Commonwealth v. Bohannon, 376 Mass. 90 (1978)] (impeachment is be admissible "when the rule of evidence is applied in a way that deprives the accused/plaintiff of evidence that might have a significant impact on the result of his Civil Action trial.") See also Hill v. State, 54 ArkApp 380, 382 927 S.W. 2d 820 (1996) (the Appeals Court ruled that defense could impeach a police officer's credibility with specific instances of untruthfulness) Compare Commonwealth v. Hightower, 400 Mass. 267, 271 (1987).

(3)

5. Additionally, the Plaintiff Leon Robinsob's Sixth Amendment right of confrontation requires that the Plaintiff be afforded an opportunity to conduct effective cross-examination of the Boston Police Officers in order to test their credibility. Davis v. Alaska, 415 U.S. 308, 315-318 (1974) "The right to cross-examine, as well as other forms of confrontation, 'ensure [sic] that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceeding.' " Tague v. Richards, 3F.3d 1133, 1138 (1993). See also Delaware v. Van Arsdall, 475 U.S. 673 (1986) (the U.S. Supreme Court has held that "the prejudice inquiry in determining whether the Confrontation right has been violated must be on the particular witness not the outcome of the trial.")

6. Plaintiff, Leon Robinson, is entitled to the Detective's IAD file given that they are the lead investigators in Mr. Robinsoh's criminal and Civil case and failed to provide the exculpatory turret tape, and submitting wrongfull information in Search Warrant Affidavit in even a moderately timely fashion. The exclusion of such evidence would deprive the Plaintiff Leon Robinson, effective cross-examination of Detective Wyse and Mertel, and Plaintiff's right of Confrontation under the Sixth Amendment to the United States Constitution and Article XII of the Massachusetts Declaration of Rights and his right to due process pursuant to the Fifth Amendment and Article XII. See Giglio v. United States, 405 U.S. 150 (1972);

(4)°

See Jean v. Collins, 107 F.3d 1111, 1115 (4th Cir. 1997) (the Supreme Court's decision in Giglio also "made clear in 1972 that evidence tending to cast doubt upon the credibility of a government witness should be disclosed under Brady")  See also United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996) (favorable evidence under Brady includes not only evidence tending to exculpate plaintiff but also any evidence that adversely affecting the credibility of the trial as such acts of dishonesty, if they indeed exist, will cause a jury to question the Detective's professional motives for delaying the production of this exculpatory tape, and also searching the plaintiff's apartment with a un-signed search warrant/with mis-information in the supporting Affidavit for the search warrant. It is clear that the matter concerning the search by the Defendant(S) is clearly a violation of the Plaintiff's Rights and he need's not note more as it is noted in his Civil Action Complaint, and his Opposition to the Defendant's motion to dismiss the complaint against them.

7.  While Massachusetts has not adopted federal rule 608, which permits impeachment of witnesses by specific instances of untruthfulness, Plaintiff submits that this evidence goes to the **core** of Detective Wyse and Mertel's credibility as a Police Investigator.  If there is evidence that they has engaged in misconduct before, the Court and jury should know that in order to evaluate their credibilitys in the context of a professional law enforcement investigator.

(5)

Plaintiff further submits that his request is derived from his Criminal matters, and is derived from Due Process concerns which override any state case law precedent such as Hightower. See Article XII and the Fifth Amendment, and for the search of Mr. Robinson's apartment See Article XIV of the Massachusetts Declaration of Rights and the Fourth Amendment to the United States Constitution.

**Wherefore,** Plaintiff moves this Honorable Court to grant's plaintiff's request: **(1)** that he be permitted to subpoena Both Detective James Wyse, and Detective John A. Martel's Internal Affairs files from the Boston Police Department; **(2)** that the files be delivered to the United States District Civil Court Clerk's Office; **(3)** that this Court review the files in camera to determine whether they has ever been disciplined for any acts of dishonesty, failure to produce exculpatory evidence or and if there were other search warrants, or affidavits in support was engaged in misconduct or any other acts that might effect their credibility as a police officer and witness in this case; and **(4)** that such discovery be disclosed to Plaintiff, Leon Robinson, prior to any further motions filed by the Defendant(S), and prior to any request for Motion to Dismiss/or ruling as well as prior to trial and Detective Wyse and Martel's testimony in this case. Plaintiff request a hearing on this motion.

(6)

Respectfully Submitted,
BY THE PLAINTIFF,

LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

## CERTIFICATE OF SERVICE

I, Leon Robinson, do hereby certify that I served a copy of this document to All of the Defendant(S) Attorney(S) on record on this 19th day of September, 2005, by prepaid first class postage to all parties in this Civil Action.

DATE: 9/19/05

LEON ROBINSON, W-85592

(7)



Exhibit A



1 Schroeder Plaza, Boston, MA 02120-2014

Page: 01 of 01
Date: 02/24/03
CC # 010-094970

**To:**       Deputy Superintendent Paul J. Farrahar
              Commander, Homicide Unit

**From:**     Sergeant Detective James J. Wyse
              Homicide Unit, One Squad

**Subject:**  Homicide Investigation: Ricardo Robinson
              911 Tape

**Dear Sir:**

In compliance with a directive from Judge Ball regarding the 911 tape generated on 02/21/01 relative to the Ricardo Robinson homicide I respectfully report the following information.

After conferring with Ms. Anne Marie Leterrio of Boston Operations Tape Room, relative to the above mentioned 911 tape, it was learned that the request of a copy for the 911 tape under CC# 94970 was made on 02/27/01 under control # 2001-407. It is undetermined at this time as to when I received the tape or when I listened to it. I believe because of past practices that it was shortly after the request for the tapes was made that I or detectives assigned to my squad received it and listened to it.

Attached to this report is a copy of the request form for the tape and tape journal noting when the tape request was made.

Respectfully submitted,
James J. Wyse, Sgt. Det.
Homicide Unit, One Squad

Mayor Thomas M. Menino   •   Commissioner Paul F. Evans



# MEMO

To:     Sgt. Det. James Wyse

From:   ADA Mark Lee

Date:   October 17, 2001

Re:     Discovery for Leon Robinson

Hey Jimmy,

When you get a minute, can you please check on the following discovery items for me:

1. 911 and/or police dispatch/turret tapes;

2. Tapes of Dorinda Carter; Eddie Bishop; James Rainey; Maurice McIntosh; and Bobby Lomax;

3. Was a ballistics examination requested? If so, has a report been issued?

4. Has a report from latent prints been completed?

Thanks. Give me a call or page if you have any questions.

*faxed 10.17.01*



Exhibit
C

# Boston Police
## Operations Division

To: Commander, Operations Division

From:

Subject: Request for tape recording

Date: 2/27/01

rig by phone

Sir:

I respectfully submit this request for the following information;

Tape Recording:

Date: 2/22/01 — 21

Time: 4:00pm

CC #: 010094870

Location: 1587 Comm Ave

Channel: _____ Position: _____

Purpose: (check one)

☐ Area Commander's Request

☐ Court Ordered

Judge: _____

A.D.A.: _____

Court: _____

☐ Internal Affairs: case # _____

☐ Staff Inspection: case # _____

☐ Other: _____

Operations Use Only

Tape #: 2001-407

Date Completed: 2/27

By: _____

Respectfully Submitted:

Name: Wyse

Rank: Sgt

Unit: Homicide

BPD Form 2592 6/93

000664

```
              INCIDENT HISTORY REQUESTED BY TERMINAL: PHQ22  ON: 02/21/01 20:52:27

Incident History for: #PD010094970  Xref: #PD010094972  #ED010520188

Entered      02/21/01  16:40:48   BY PCT16  8920
Dispatched   02/21/01  16:42:19   BY PDT01  8260
Enroute      02/21/01  16:42:19
Onscene      02/21/01  16:44:01


Initial Type: PSHOT        Final Type: PSHOT   (PERSON SHOT)
Initial Priority: 1        Final Priority: 1
Disposition:              Source: T    Primary Unit: K425F
Police BLK: 1478400   Fire BLK: 5176   EMS BLK: 0007509
Group: 14           Beat: 2       Map Page: 0523
Loc: 1587 COMMONWEALTH AV ,BR  btwn FIDELIS WY & WASHINGTON ST (V)
Name:                                  Addr:                        Phone:

164048  (8920 )  ENTRY              CLLSTS T HAT SOMEONE WAS SHOT AT THE BO
164219  (8260 )  DISPER  K425F      #10292   MURRAY, JOSEPH
164219           ASSTER  K426F      #11354   POWELL, COURTNEY
164223  (11199)  SUPP               LOC: COMMONWEALTH AV/WASHINGTON ST ,BR,
                                    TYP: SHOT,
                                    TXT: MALE SHOT AT ABV...
164233           SUPP               TYP: SHOT,
                                    TXT: 6784575781
164242  (8260 )  ASSTER  KK01F      #10438   O'SULLIVAN, TIMOTHY
                                    #10717   KAYES, GEORGE
164248           ASSTER  K910       #6032    DONNELLY, ALBERT
164259  (E019 )  SUPP               TYP: SHOT,
                                    TXT: FIRE ON SITE ON SCENE CONFIRMING SHOOTING
                                    VICTIM.
164330  (8260 )  ASSTER  K810       #9342    BROOKS, MARTIN J JR.
164330           ASSTER  K811       #6822    CESAR, JOAQUIM
164401           ONSCNE  KK01F
164443  (F1640)  SUPP               TYP: SHOT,
                                    TXT: L11 REPORTS 25 YOM HEAD WOUND 80Z
164526  (8260 )  ASSTER  K932       [1587 COMMONWEALTH AV ,BR]
                                    #8877    MULVEY, ROBERT
164547  (11354)  *ONSCNE K426F
164718  (9779 )  $CROSS             #PD010094972
164718           DUP                #PD010094972
164718           DUP                NAM: CENCE, LAURA
                                    PHO: 6172544687
164733           $CROSS             #PD010094974
164733           DUP                #PD010094974
164733           DUP                NAM: KOLWAITE, AYAKO JOHN
                                    PHO: 713-4365
164839  (8877 )  *ONSCNE K932
170344  (8260 )  ASSTOS  K982       [1587 COMMONWEALTH AV ,BR]
170449  (11354)  *QVEH   K426F      T/K426F
                                    ,LIC:3354PS      VIN:                       STA
                                    TE:MA   LIY:01   LIT:PC    TAV:
```

```
/172341   (9779  )   ASSTER    VD60    [1587 COMMONWEALTH AV ,BR]
/172839              ASST      K499F   [1587 COMMONWEALTH AV ;BR]
                                       #2192    MCGEE, JACK
/1  147              ASSTER    V906    [1587 COMMONWEALTH AV ,BR]
                                       #8489    WYSE, JIMMY
/173757              ASSTER    V814    [1587 COMMONWEALTH AV ,BR]
/174438              UNAVL     K425F
/174438              UNAVL     K426F
/174438              UNAVL     K499F
/180922              $PREMPT   K499F
/182325              CLEAR     K910
/185736              CLEAR     K932
/192105              CLEAR     K982
```

Case 1:04-cv-11023-RCL    Document 58    Filed 09/23/2005    Page 15 of 19

```
/172341   (9779  )   ASSTER    VD60    [1587 COMMONWEALTH AV ,BR]
/172839              ASST      K499F   [1587 COMMONWEALTH AV ;BR]
                                       #2192    MCGEE, JACK
/1  147              ASSTER    V906    [1587 COMMONWEALTH AV ,BR]
                                       #8489    WYSE, JIMMY
/173757              ASSTER    V814    [1587 COMMONWEALTH AV ,BR]
/174438              UNAVL     K425F
/174438              UNAVL     K426F
/174438              UNAVL     K499F
/180922              $PREMPT   K499F
/182325              CLEAR     K910
/185736              CLEAR     K932
/192105              CLEAR     K982
```

| NAME | | | ADDRESS | | TEL. | NAM |
|---|---|---|---|---|---|---|
| 2001-391 | 2/16/01 | | 9 River St. HP | 2/26/01 | AOA Tracy Patt | 2001-421 |
| 392 | 2/19/01 | | Morrissey Blvd | 2/26/01 | AOA Duffy | 422 |
| 393 | 2/19/01 | | 33 Wales St | 2/26/01 | AOA Smyth | 423 |
| 394 | 12/8/00 | | 15 Groveland St | 2/26/01 | AOA Linehan | 424 |
| 395 | 2/13/01 | | 525 Comm Ave | 2/26/01 | AOA Hourihan | 425 |
| 396 | 2/2/01 | | 60 Calumet St | 2/26/01 | AOA Hourihan | 426 |
| 397 | 12/13/00 | | 617 Shawmut Ave | 2/26/01 | AOA Hayden | 427 |
| 398 | 2/17/01 | | 34 Mascot St | 2/26/01 | AOA Suaker | 428 |
| 399 | 2/17/01 | | 108 Adams St | 2/26/01 | AOA Suaker | 429 |
| 400 | 2/17/01 | | 135 Eastwood Circuit | 2/26/01 | POA Hourihan | 430 |
| Tapes 401 | 2/16/01 | | Ch-4 2130-0220AM Ch-7,9,10 Bravo 2130-0000 | 2/27/01 | Supt Joyce | 431 |
| 402 | 2/16/01 | | " " " | 2/27/01 | Lt Callahan | 432 |
| 403 | 2/16/01 | | " " " | 2/27/01 | AOA Hourihan | 433 |
| 404 | 2/19/01 | | 7 Abbot St | 2/27/01 | AOA Downey | 434 |
| 405 | 2/23/01 | | 911 Bomb Threats | 2/27/01 | Aiello | 435 |
| 406 | 1/24/01 | | 42A Dunstable St | 2/27/01 | CNU | 436 |
| 407 | 2/21/01 | | 1587 Comm Ave | 2/27/01 | Homicide | 437 |
| 408 | 2/18/01 | | 135 Granite Ave | 2/27/01 | AOA Suaker | 438 |
| 409 | 12/19/00 | | Columbia/Quincy | 2/27/01 | AOA Feidotta | 439 |
| 410 | 2/15/01 | | Brasil/Wash St | 2/27/01 | AOA Hourihan | 440 |
| 411 | 6/11/00 | | 27 Erie St HP 911 | 2/28/01 | Jarl | 441 |
| 412 | 11/4/00 | | 11 Woodcliff St | 2/28/01 | AOA Fanger | 442 |
| 413 | 2/25/01 | | 20 Westminister Ave | 2/28/01 | AOA Chatsupoli | 443 |
| 414 | 2/25/01 | | 23 Belnel Rd | 2/28/01 | AOA Tracy P | 444 |
| 415 | 11/4/00 | | 25 Silvia Ct | 2/28/01 | AOA Chatopad | 445 |
| 416 | 2/26/01 | | 591 VFW Pkwy | 2/28/01 | AOA Chatopad | 446 |
| 417 | 2/23/01 | | 582 Georgetowne Rd | 2/28/01 | AOA Tracy P | 447 |
| 418 | 2/18/01 | | 38 Auckland St | 2/28/01 | AOA Bruno | 448 |
| 419 | 2/8/01 | | 830 Wash St Neme | 2/28/01 | AOA Brenna | Tapes 449 |
| 420 | 2/16/01 | | 119 Whitfield St | 2/28/01 | AOA Sunk | 450 |



**FEBRUARY 27 TUESDAY** — 2001, 58th day – 307 days follow

#2001-401  2/16/01
Ch-4 21:30 – 2/17/01 02:20AM    *7 TAPES
Ch-7, 9, 10, BAPERN 2/30 – 02:00AM
Done 2/27/01 for Supt Joyce

#2001-402  2/16/01  see above   *7 Tapes
Done 2/27/01 for Lt. Callahan

#2001-403  2/16/01  see #2001-401  *7 Tapes
Done 2/27/01 for ADA Hourihan

#2001-404  2/19/01 for ADA Downey
7 Abott St  CC# 90802

#2001-405  2/23/01  911 Bomb Threats
Done 2/27/01 for O. Forelite

#2001-406  42A Constable St  1/24/00  CC#43145
Done 2/27/01 for Coll J. Malouf

#2001-407  1587 Cummins Ave 2/27/01
CC# 94870  Done 2/27/01 for Homicide

#2001-408  2/18/01  135 Centre Ave
CC# 89614  Done 2/27/01 MA Seakle

#2001-409  12/19/00  Coleman/Downey
CC# 09266  Done 2/27/01 ADA Fredette

#2001-410  Castle/Wash St 2/15/01 CC#
Done 2/27/01 for ADA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
Defendants

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I, plaintiff hereby certify that I have been unable to contack nor communicate with the Defendant(S), and their Attorney(S), as the Plaintiff is currently incarcerated and without Counsel to communicate with the Defendants, concerning the Plaintiff's Motion for Subpoena of Disciplinary Files and therefore I were unable to resolve or narrow the issue prior to filing the above motion.

Respectfully Submitted,
BY THE PLAINTIFF,

(1)

*[signature]*
LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464


CERTIFICATE OF SERVICE


    I, Leon Robinson, hereby certify that on this 19th day of September, 2005, I served a copy of the forgoing document upon: All of the Defendant(S) Counsel(S) by prepaid first class postage mail to all parties in this Civil case.

DATE: 9/19/05

*[signature]*
LEON ROBINSON, W-85592, PRO SE

(2)