UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
Defendants

MOTION FOR FRANKS/AMRAL HEARING
REGARDING TO THE SEARCH OF THE PLAINTIFF'S APARTMENT
(Memorandum Incorporated)

Now Comes plaintiff Leon Robinson, who respectfully files
this Motion for Franks/Amral hearing regarding the search of his
apartment and his previously filed Oposition to the Defendant's
Motion to Dismiss the plaintiff's Complaint.

Plaintiff also moves this Honorable Court to hold (ALL) of
the Defendant(S) in violation of all counts in the plaintiff's
Complaint against all of the above defendants as they had searched
and seized property from the Plaintiff's aparment located at 27
Spring Street in West Roxbury, MA pursuant to Article XIV of the
Massachusetts Declaration of Rights and the Fourth Amedment to the
United States Constitution.

(1)

As grounds for this request, plaintiff states the following:

1.    The Boston Police claim that they obtained a warrant to search Mr. Robinson's apartment in the early morning hours (approximately **3:15 a.m.**) of February 22, 2001.  See Unsigned WArrant attached as Exhibit **1.**  While the warrant was unsigned when the Boston Police, and ABC News personals conducted the search, a Housing Court Judge has supplied an Affidavit stating that she had reviewed the documents and had actually approved the issuance of the warrant, but had inadvertently failed to affix her signature. See Affidavit attached as Exhibit **2.**  This Judge also stated in her Affidvit that the Boston Police came to her (residence) in the early morning hours of February 22, 2001.  Exhibit **2.**

2.    The plaintiff, Leon Robinson has previously supplied an Affidavit stating that the Boston Police obtained his Keys from his person on February 21, 2001 at approximately **10:30 p.m.** and proceeded to his apartment.  See Affidavit of the Plaitiff, Leon Robinson attached as Exhibit **3.**

3.    On information and belief, plaintiff submits that the Boston Police actually entered the apartment with ABC News within a few minutes of Mr. Robinson's arrest.    Plaintiff also submits that the Boston Police began searching the apartment and began videotaping its contents well in advance of the time when the Judge approved its issuance almost 4 $\frac{1}{2}$ hours later.  See Exhibit **1** and **2.**

(2)

This entry, search and taping all have occurred in violation of plaintiff's Fourth Amendment and Article XIV rights to remain free of unreasonable warrantless searches. See **M.G.L. c. 276, sec 1, et seq.**

4.  Plaintiff now has evidence that the Boston Police informed the Boston Housing Authority **(BHA)** that they had A search warrant at approximately **10:37 p.m.** on February 21, 2001.
See  BHA Records attached as Exhibit **4.**   The message from the Boston Police, which was retrieved by the maintenance custodian at **10:44 p.m.** on February 21st stated: **"Meet them their tonite, has a search warrant. Don't want to kick the door in."**  See BHA Phone Message record attached as Exhibit **5.**

5.  On information and belief, the apartment complex custodian immediately proceeded to Mr. Robinson's apartment upon retrieving the message and found the Boston Police already inside the apartment rummaging about and using a video camera to document the its contents. See Exhibit **4.**   He left Mr Robinson's apartment shortly thereafter. Exhibit **4.**

6.  °It is generally accepted that warrantless searches "are per se unreasonable unless they fall within one of the few narrowly drawn exceptions to the Fourth Amendment warrant requirements."

The Defendant(S) denies that they videotaped the contents of the apartment of even possessed a video recorder at the crime scene, and at Mr. Robinson's arrest as well at his apartment.

(3)

Commonwealth v. Amral, 16 Mass. App. Ct. 230, 450 N.E.2d 656, 658
(1983). The Defendants has the burden of proving the legality
of a warrantless search and that the particular search falls within
"a narrow class of permissible exceptions." Commonwealth v. Forde,
367 Mass. 798, 800 (1975); See Commonwealth v. Pignone, 332 NE.2d
388, 391 (1970); See United States v. Lewis, 816 F.Supp. 789
(D.C.Mass. 1993).

"Warrantless searches are presumptively unreasonable."
See **M.G.L.A. 276 § 2A, Form of Search Warrant attached as Exhibit
6., pages 1,2 and 3.**
The Defendant(S) cannot sustain its burden of demonstrating that
this warrantless search was permissible given the facts of this
case.

    7. Based upon the above and the opposition motion previously
filed, plaintiff moves this Court to fined that the defendants are
in violations, and to allow Judgement against the Defendants, and/
or allow this case to move forward to trial. Also, the plaintiff
respectfully request all of his property seized be returned and
observations made by the Boston Police because they engaged in an
illegal warrantless search of Mr. Robinson's apartment.
Any evidence later seized as a result of the °bogus warrant and
illegal search is also tainted by this conduct and must be Ordered
Judgement upon the Defendants and Sanction[2] them pursuant to the
fruit of the poisonous tree doctrine. See **Wong Sun v. United States**,
371 U.S. 471 (1964) As the Defendant(S) bears the burden of
demonstrating that the search was legal,

(4)

Plaintiff, Leon Robinson, moves this Court to conduct an full
Evidentiary Hearing for the reasons stated above.

8. **Furthermore**, under a Franks/Amral analysis, plaintiff
has made a substantial showing that the Boston Police engaged in
substantial wrongdoing and/or made false statements intentionally
in the Affidavits for the search warrant and to this Court and
Judge who issued the warrant. See **Franks v. Delaware**, 438 U.S. 154,

---

[2]This is not the first time that the Detective have engaged
in nefarious behavior in this case. Judge Hines already ruled
that the police withheld an exculpatory **911 tape** without any
explanation for almost **15 months.** See Judge Hine's Order on
docket sheet. This tape contained a telephone call from a witness
who gave a description of the shooter that was completely different
from the appearance of Mr. Robinson. Despite the the shenanigans
by law enforcement, plaintiff was abl to interview this witness
sometime in late **2002.** The witness ruled Mr. Robinson out as the
Shooter. Exhibit **4.**

---

155-156 (1978) There is no doubt that such omissions or wrongdoing
by the Boston Police would undo or undermine the credibility of the
affiant in this case requiring judgement in faver of the plaintiff.
Specifically, plaintiff submits that the Boston Police failed to
inform the issuing Judge that they had already been in the apart-
ment, had videotaped its contents and had already been in the
aparment, had videotaped its contents and had identified items that
they wanted to seize. If this Judge had known that the police
had mis-information in the Affidavit for the warrant and had
already engaged in an illegal entry and search, she might have
decided not to issue the warrant.

(5)

**Additionally,**

the failure of the Boston Police to alert the Judge to these facts undermines the Defendant's credibility and must result in Judgement in favor of the plaintiff, Leon Robinson, and allow this Civil Action move forward to trial.

Specifically, plaintiff submits that the police failed to inform the issuing Judge further information about the Affidavit that did not have any of the right information within, there were two affidavits and the issuing Judge seen did not know that the supporting affidavit for the warrant had wrong information. See Amral. See Commonwealth v. Amral, 407 Mass. 511, 522 (1990) (if conduct of police undermine credibility or reliability of affiant, then Judgement should be granted in favor of the plaintiff, Leon Robinson) and United States v. Flowers, 336 F3d 1222, (10th Cir. 2003), states that police are not free to create exigencies to justify warrantless intrusions into homes.

**Therefore,** Plaintiff is entitled to an evidentiary hearing so the Court can conduct a Franks/Amral hearing.

**Wherefore,** Plaintiff requests that this Honorable Court grant plaintiff an evidentiary hearing and then allow this case to move forward to trial, as it is noted that the warrant was not signed, and the supporting affidavit for the warrant did not have any of the right information that would allow the police to go to the plaintiff's apartment and seized proerty during the search of 27 Spring Street, Apt. 53 in West Roxbury and the Defendant(S) Should be held in violation for the foregoing reasons.

(6)

Respectfully Submitted,
BY THE PLAINTIFF,


LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

## CERTIFICATE OF SERVICE

I, Leon Robinson, do hereby certify that I served a copy
of this document upon All of the Defendant(S) Attorney(S) of
records on this 19th day of September, 2005, by first class prepaid
postage to all parties in this civil action.


DATE: 9/19/05

LEON ROBINSON, PLAINTIFF, W-85592

(7)



Exhib.T
3-

l

## AFFIDAVIT OF THE PLAINTIFF LEON ROBINSON

I, Leon Robinson, do state and depose that:

1. My true name is Leon Robinson and I am presently
incarcerated in Souza Baranowski Prison in Shirley, MA.   I live at
27 Spring Street, Apt. 53, West Roxbury, MA when the Boston Police
searched it pursuant to a un-signed warrant in this case in
February 2001. I had an expectation of privacy in this apartment
at all relevant times described in the warrant and attached
affidavits for the search conducted on my apartment.

2. On February 21, 2001, I **turned my self in to the Boston**
Police and I was arrested, as I had met with them at a store on the
street in West Roxbury. They told me that I was under arrest for
the shooting of Ricardo Robinson.

3. They placed me in cuffs and brought me to the police station.
At some point I was booked and processed.

4. More then an houn after arriving at the station, the
detectives asked me if I wanted to say anything. **As they told me**
that I could help myself if I spoke with them, I agreed to give a
statement. I would have like to call a family member or lawyer but
did not understand that I could use their telephones to do so.
While I knew that I had a right to a lawyer, I thought would have
to wait until I got to court the next day. I was feeling pressured
to speak given that I was alone and did not understand that I could
call someone to discuss my options.

5. At no time prior to giving this statement, did the Boston
Police inform me that I could call a friend, family member or a
lawyer.

(1)

6. I gave the police a statement and then, sometime into my statement, they asked if I could speak with anyone who could verify where I was that night. They then asked me to call that person which I did.

7. Althought I was permitted to make this call, I had already spoken to the police at length and believed that I had to continue. If I had known prior to giving this statement that I had a Right to call a lawyer or family member to discuss my options, I would never have spoken to the Boston Police that **night.**

8. The police took my Keys, and my Jacket after I was arrested without my consent.  At this date and time year 2005, the Boston Police still have my House Keys and other items.

Signed under pain and penalties, on this 10th day of September, 2005.

Respectfully Submitted,

LEON ROBINSON, W-85592
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

(2)

EXhiBiT
4

# BUSINESS & PROFESSIONAL EXCHANGE, INC.

*24 Hour Telephone Answering & Inbound Call Center Services*

100 CUMMINGS CENTER SUITE 344C
BEVERLY, MA 01915
978-232-8950 / 800-649-6767
Fax Telephone 978-232-8952

April 18, 2003

VIA FAX – 617-338-9538
James Budreau, Esquire
20 Park Plaza Suite 905
Boston, MA 02116

Dear Attorney Budreau:

Re: Subpoena Of Records
    Boston Housing Authority
    February 21, 2001-February 22, 2001

In accordance with the subpoena request, please find an excerpt from our message logs for the Boston Housing Authority above dates.

If you have any questions, you may contact me.

Very truly yours,

Raymond P. Shaw Jr.
General Manager

RPS/r

Copy To File

Client-ID: 654                Archived Messages        Printed at: 5:30a Fri Mar-21                    Page:  1

---

In: 1:15p We Mar-07 '01 SGS qqq
Out: 1:15p We Mar-07 '01 SGS        0:13
●●●:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 1:15p We Mar-07 SGS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)254-0921

In: 1:06p We Mar-07 '01 DMS qqq
Out: 1:06p We Mar-07 '01 DMS        0:01
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 1:06p We Mar-07 DMS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id:

In: 12:49p We Mar-07 '01 LMS qqq
Out:12:57p We Mar-07 '01 DMS JAV  1:06
For: JAVIER
From: WILLIAM OBRIAN CALLINS
Tel# w/area: FOR MR MULHEARN IN APT 6
Adr: 35 SPRING ST
Unit #:
May Maint Enter Your Apt?::
Msg/Prob: LOCKED HIMSELF OUT OF APT
#12:50p We Mar-07 LMS TO PAGE
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)325-6866

In: 0:48a We Mar-07 '01 SGS qqq
Out: 9:05a We Mar-07 '01 act r/p  2:28
For: OFFICE
From: KEVIN MOHONEY
Tel# w/area: 327 3327.
Adr: 53 WASHINGTON ST
Unit #: 12
May Maint Enter Your Apt?:: //
Msg/Prob: PLS CALL RE: SNOW PLOWING
Dispatch Emerg Calls Y/N:: YES
FMDS:0654:
Caller Id: (617)469-9039

In: 7:29a Tu Mar-06 '01 RPS qqq
Out: 7:30a Tu Mar-06 '01 RPS        0:39
For:
From: PAM
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 7:30a Tu Mar-06 RPS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (781)326-4479

In: 8:36a Mo Mar-05 '01 SGS qqq
Out: 9:07a Mo Mar-05 '01 act r/p  0:49
For: LESLIE
From: SONIA
Tel# w/area:
Adr: WONT BE IN TODAY
Unit #:
May Maint Enter Your Apt?:: N
Msg/Prob:
Dispatch Emerg Calls Y/N:: N
FMDS:0654:
Caller Id:

In: 4:41p Sa Mar-03 '01 AAL qqq
    9:07a Mo Mar-05 '01 act r/p 12:42
For: HOLD PER JAVIER *SEE BELOW*
From: MRS. HAMILTON
Tel# w/area: 617 327 6846
Adr: 32 TEMPLE STEET
Unit #: 3
May Maint Enter Your Apt?:: YES
Msg/Prob: DOWNSTAIRS TENANT IS CAUSING
A PROB WITH EVERYONE IN THE BUILDING
* 5:03p Sa Mar-03 JEH TO PAGE
Dispatch Emerg Calls Y/N:: /
FMDS:0654:
Caller Id: (617)327-6846
   5:04p Sa Mar-03 JEH CALLED AGAIN
* 5:04p Sa Mar-03 JEH TO PAGE
   5:12p Sa Mar-03 SMA THERE IS NOTHING
MAINTENANCE CAN DO. THEY NEED TO CALL
BACK ON MONDAY TO SPEAK WITH THE
OFFICE MANAGER.

In: 5:05p Sa Mar-03 '01 TRN qqq
Out: 5:07p Sa Mar-03 '01 TRN        2:31
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 5:07p Sa Mar-03 TRN NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)327-6846

In: 4:39p Fr Mar-02 '01 SGS qqq
Out: 4:43p Fr Mar-02 '01 CAM JOS  1:36
For: JOSE
From: LESLIE  (MANAGER)
Tel# w/area:
Adr: SPRING ST APT
Unit #:
May Maint Enter Your Apt?::
Msg/Prob: CLEAN UP WATER IN MENS ROOM
JAVIER IS NOT THERE RIGHT NOW
* 4:41p Fr Mar-02 SGS TO PAGE
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)549-0616

In: 4:39p Fr Mar-02 '01 SGS qqq
Out: 4:39p Fr Mar-02 '01 SGS 00     0:04
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 4:39p Fr Mar-02 SGS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)549-0616

In: 2:35p Fr Mar-02 '01 LMB qqq
Out: 3:26p Fr Mar-02 '01 WJW     0:57
For: JAVIER
From: A/S SERVICE
Tel# w/area:
Adr: SEE MSS IN BOX 649
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 2:36p Fr Mar-02 LMB TO PAGE
* 3:10p Fr Mar-02 LMB TO PAGE
Dispatch Emerg Calls Y/N:: Y
FMDS:0654:
Caller Id:

In: 1:08p Fr Mar-02 '01 MLJ qqq
Out: 3:19p Fr Mar-02 '01 CAM OFC     0:47
For: OFS
From: ILENE ADKAYNE
Tel# w/area: 617  469 4967
Adr: PLEASE CALL RE: LOOKING FOR
Unit #: APPLICATION
May Maint Enter Your Apt?:: YES
Msg/Prob:
Dispatch Emerg Calls Y/N:: N
FMDS:0654:
Caller Id: (617)469-4967

In: 2:01p Fr Mar-02 '01 MC  qqq
Out: 2:01p Fr Mar-02 '01 MC     0:08
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 2:01p Fr Mar-02 MC  #NC H/UP
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)988-5167

In: 1:03p Fr Mar-02 '01 LMS qqq
Out: 1:03p Fr Mar-02 '01 LMS     0:00
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 1:03p Fr Mar-02 LMS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)319-3851

In: 2:45p Th Mar-01 '01 TMC qqq
Out: 9:05a Fr Mar-02 '01 act r/p  1:27
For: LESLIE/OFC
From: BILL O'BRIAN
Tel# w/area: 617 325 6866
Adr: 35 SPRING ST
Unit #: 7
May Maint Enter Your Apt?:: Y
Msg/Prob: PLS CALL RE: TOILET, NO
OTHER MESSAGE LEFT
Dispatch Emerg Calls Y/N:: N
FMDS:0654:
Caller Id: (617)325-6866

In: 3:08p Th Mar-01 '01 CJK qqq
Out: 3:09p Th Mar-01 '01 CJK     0:21
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 3:09p Th Mar-01 CJK WDB/NMSG
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)296-9875

In: 1:55p We Feb-28 '01 CAM qqq
Out: 9:06a Th Mar-01 '01 act r/p  1:20
For: LESLIE
From: TERE COCHAN
Tel# w/area: 617 288 5630 AFTER 4PM
Adr:
Unit #:
May Maint Enter Your Apt?:: NO
Msg/Prob: INTERESTED IN RENTING A TWO
BEDROOM APT PLS CALL
Dispatch Emerg Calls Y/N:: NO
FMDS:0654:
Caller Id:

In: 1:51p We Feb-28 '01 CJK qqq
Out: 9:06a Th Mar-01 '01 act r/p  1:36
For: LESLIE
From: JOANNE CASH
Tel# w/area: 617 469 8744
Adr: 1 CLIFFMONT ST
Unit #: 107
May Maint Enter Your Apt?:: /
Msg/Prob: GOING TO FOGNIER HOSP. PLS
CALL
Dispatch Emerg Calls Y/N:: /
FMDS:0654:
Caller Id: (617)469-8744

Client ID: 654                    Archived Messages              Printed at: 5:38a Fri Mar-21                    Page:   3

In: 8:47a Th Mar-01 '01 MC  qqq       In: 8:28a Th Mar-01 '01 WJW qqq       In: 8:09a Th Mar-01 '01 MLJ qqq
Out: 6:47a Th Mar-01 '01 MC     0:04  Out: 8:28a Th Mar-01 '01 WJW    0:04  Out: 8:10a Th Mar-01 '01 MLJ    0:27
●:                                    For:                                  For:
Tel# w/area:                          Tel# w/area:                          Tel# w/area:
Adr:                                  Adr:                                  Adr:
Unit #:                               Unit #:                               Unit #:
May Maint Enter Your Apt?::           May Maint Enter Your Apt?::           May Maint Enter Your Apt?::
Msg/Prob:                             Msg/Prob:                             Msg/Prob:
* 8:47a Th Mar-01 MC  NC INFO         * 8:20a Th Mar-01 WJW *NC H/UP        * 8:10a Th Mar-01 MLJ WCB/NMSG
Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::
FMDS:0654:                            FMDS:0654:                            FMDS:0654:
Caller Id: (617)469-1569              Caller Id: (617)988-5180              Caller Id: (617)988-5180

In: 2:06p We Feb-28 '01 MC  qqq       In: 1:56p We Feb-28 '01 TMC qqq       In: 1:28p We Feb-28 '01 CJK qqq
Out: 2:06p We Feb-28 '01 MC     0:09  Out: 1:57p We Feb-28 '01 TMC    0:08  Out: 1:28p We Feb-28 '01 CJK    0:10
For:                                  For:                                  For:
From:                                 From:                                 From:
Tel# w/area:                          Tel# w/area:                          Tel# w/area:
Adr:                                  Adr:                                  Adr:
Unit #:                               Unit #:                               Unit #:
May Maint Enter Your Apt?::           May Maint Enter Your Apt?::           May Maint Enter Your Apt?::
Msg/Prob:                             Msg/Prob:                             Msg/Prob:
* 2:06p We Feb-28 MC  NC INFO         * 1:57p We Feb-28 TMC NC INFO         * 1:28p We Feb-28 CJK WCB/NMSG
Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::
FMDS:0654:                            FMDS:0654:                            FMDS:0654:
Caller Id: (617)957-4155              Caller Id: (617)988-5340              Caller Id: (617)327-0256

In: 1:14p We Feb-28 '01 CB  qqq       In: 8:10a We Feb-28 '01 TDM qqq       In: 5:54p Tu Feb-27 '01 BLS qqq
●: 1:14p We Feb-28 '01 CB       0:13  Out: 8:10a We Feb-28 '01 TDM    0:06  Out: 5:54p Tu Feb-27 '01 BLS    0:13
For:                                  For:                                  For:
From:                                 From:                                 From:
Tel# w/area:                          Tel# w/area:                          Tel# w/area:
Adr:                                  Adr:                                  Adr:
Unit #:                               Unit #:                               Unit #:
May Maint Enter Your Apt?::           May Maint Enter Your Apt?::           May Maint Enter Your Apt?::
Msg/Prob:                             Msg/Prob:                             Msg/Prob:
* 1:14p We Feb-28 CB  NC INFO         * 8:10a We Feb-28 TDM *NC H/UP        * 5:54p Tu Feb-27 BLS NC INFO
Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::            Dispatch Emerg Calls Y/N::
FMDS:0654:                            FMDS:0654:                            FMDS:0654:
Caller Id:                            Caller Id: (617)988-3420              Caller Id: (617)469-4967

In: 4:23p Tu Feb-27 '01 TMC qqq
Out: 4:23p Tu Feb-27 '01 TMC          0:06
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 4:23p Tu Feb-27 TMC *NC H/UP
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)988-5117

In: 2:05p Su Feb-25 '01 YE  qqq
Out: 2:19p Su Feb-25 '01 SMA DNC  6:19
For: ON CALL
From: MARY ELLEN GAMBON
Tel# w/area: 617 469 9382
Adr: 1 CLIFFMONT ST, ROSLINDALE
Unit #: APT 103
May Maint Enter Your Apt?:: Y
Msg/Prob: HAVING PROBLEMS WITH THE
FREEZER, DOESN'T KEEP THINGS FROZEN AND
HAD TO THROW SOME MEATS AWAY. SHE ALSO
CAN'T PUT THE SAFETY LOCK ON THE
OUTSIDE GATE.
* 2:12p Su Feb-25 YE  TO PAGE
Dispatch Emerg Calls Y/N:: Y
FMDS:0654:
Caller Id: (617)469-9382

In: 10:17a Su Feb-25 '01 SSS qqq
Out:10:18a Su Feb-25 '01 SSS          1:10
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
*10:18a Su Feb-25 SSS NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id:

In: 9:23a Su Feb-25 '01 KAP qqq
Out: 9:28a Su Feb-25 '01 KAP JAV  2:34
For: JAVIER
From: REFUSED
Tel# w/area: REFUSED
Adr: 32 TEMPLE
Unit #: THINKS ITS APT 99
May Maint Enter Your Apt?:: N/A
Msg/Prob: SMOKE ALARM GOING OFF
FOR AWHILE
* 9:25a Su Feb-25 KAP TO PAGE
Dispatch Emerg Calls Y/N:: Y
FMDS:0654:
Caller Id:

In: 1:54p Fr Feb-23 '01 KFH qqq
Out: 1:55p Fr Feb-23 '01 KFH          0:28
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 1:55p Fr Feb-23 KFH NC INFO
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id:

In: 1:33p Fr Feb-23 '01 TDM qqq
Out: 1:37p Fr Feb-23 '01 WJW LES  1:46
For: LESLIE JOHNSON
From: SST. JAMES WYSE @ BOSTON P.D.
Tel# w/area: HOMICIDE UNIT / 617 342
Adr: 4470 / SAID THAT YOU CAN SECURE
Unit #: THE APT. AT 27 SPRING ST. THEY
May Maint Enter Your Apt?:: ARE
Msg/Prob: COMPLETED AT THAT ADDRESS.
* 1:35p Fr Feb-23 TDM TO PAGE  T/O
Dispatch Emerg Calls Y/N:: Y
FMDS:0654:
Caller Id: (617)282-8081

In: 2:40p Th Feb-22 '01 CMB qqq
Out: 9:05a Fr Feb-23 '01 act r/p  3:42
For: MS. JOHNSON
From: LUZ ROAMS
Tel# w/area: 508 584 5765
Adr: HECTOR ROMAN LIVES @ SPRING ST
Unit #: APT MAIL RENT @ FEB 3 RECIEVED
May Maint Enter Your Apt?:: LETTER ON
Msg/Prob: THE 16TH SAYING TO MAIL RENT
IT ALREADLY GOT MAIL & WOULD LIKE A
CALL RE:LETTER.HAS MONEY ORDER COPY @
Dispatch Emerg Calls Y/N:: HOUSE
FMDS:0654:
Caller Id:

In: 8:16a Fr Feb-23 '01 WJW qqq
Out: 8:16a Fr Feb-23 '01 WJW          0:10
For:
From:
Tel# w/area:
Adr:
Unit #:
May Maint Enter Your Apt?::
Msg/Prob:
* 8:16a Fr Feb-23 WJW WCB/NMSG
Dispatch Emerg Calls Y/N::
FMDS:0654:
Caller Id: (617)234-1948

In: 10:37a Th Feb-22 '01 MCB qqq
Out: 2:02p Th Feb-22 '01 CB  r/p  1:13
For: LESLIE/MANAGER
From: DT.MARTEL
Tel# w/area: 617 775 8459
Adr: PLEASE CALL RE:SEARCH WARRANT ON
Unit #: YOUR PROPERTY
May Maint Enter Your Apt?:: N
Msg/Prob:
Dispatch Emerg Calls Y/N:: N
FMDS:0654:
Caller Id:

EXhiBit
5.

Client-ID: 654          Archived Messages          Printed at: 5:30a Fri Mar-21                    Page:   5

In: 10:29a Th Feb-22 '01 SLC qqq        In: 10:15a Th Feb-22 '01 TDM qqq        In: 10:01a Th Feb-22 '01 TDM qqq
Out:10:30a Th Feb-22 '01 SLC    0:51    Out:10:15a Th Feb-22 '01 TDM    0:13    Out:10:01a Th Feb-22 '01 TDM    0:07
For:                                    For:                                    For:
From:                                   From:                                   From:
Tel# w/area:                            Tel# w/area:                            Tel# w/area:
Adr:                                    Adr:                                    Adr:
Unit #:                                 Unit #:                                 Unit #:
May Maint Enter Your Apt?::             May Maint Enter Your Apt?::             May Maint Enter Your Apt?::
Msg/Prob:                               Msg/Prob:                               Msg/Prob:
*10:30a Th Feb-22 SLC NC INFO           *10:15a Th Feb-22 TDM NC INFO           *10:01a Th Feb-22 TDM *NC H/UP
Dispatch Emerg Calls Y/N::              Dispatch Emerg Calls Y/N::              Dispatch Emerg Calls Y/N::
FMDS:0654:                              FMDS:0654:                              FMDS:0654:
Caller Id: (781)427-2142                Caller Id: (617)323-4561                Caller Id: (617)988-5337

In:  9:31a Th Feb-22 '01 SLC qqq        In:  9:26a Th Feb-22 '01 SLC qqq        In: 10:37a We Feb-21 '01 AMJ qqq
Out: 9:59a Th Feb-22 '01 TDM JAV 7:39   Out: 9:26a Th Feb-22 '01 SLC    0:09    Out:10:44p We Feb-21 '01 AMJ DNC 3:57
For: JAVIER                             For:                                    From: BOSTON POLICE DEPT
From: PATRICK MCCARTHY                  From:                                   Tel# w/area: 617  775 8459
Tel# w/area: 617 325 6515               Tel# w/area:                            Adr: 27 SPRING ST
Adr: 32 TEMPLE ST                       Adr:                                    Unit #: 53
Unit #: 101                             Unit #:                                 May Maint Enter Your Apt?::
May Maint Enter Your Apt?:: \           May Maint Enter Your Apt?::             Msg/Prob: MEET THEM THERE TONITE
Msg/Prob: HIS DOOR WILL NOT LOCK        Msg/Prob:                               HAS A SEARCH WARRANT DONT WANT TO KICK
PLEASE CALL                             * 9:26a Th Feb-22 SLC *NC H/UP          THE DOOR DOWN
* 9:40a Th Feb-22 SLC DP PAGE           Dispatch Emerg Calls Y/N::              Dispatch Emerg Calls Y/N:: A
Dispatch Emerg Calls Y/N::              FMDS:0654:                              FMDS:0654:
FMDS:0654:                              Caller Id: (617)988-5383                Caller Id:
Caller Id: (617)325-6515                                                        *10:41p We Feb-21 AMJ DP PAGE
* 9:58a Th Feb-22 TDM TO PAGE   T/O

In:  4:41p We Feb-21 '01 BLS qqq        In:  1:57p We Feb-21 '01 MLJ qqq        In:  1:48p We Feb-21 '01 CAM qqq
Out: 4:41p We Feb-21 '01 BLS    0:38    Out: 2:04p We Feb-21 '01 CMB OFC 2:45   Out: 1:48p We Feb-21 '01 CAM    0:10
For:                                    For: LESLIE JOHNSON                     For:
From:                                   From: FLORENCE SCOTT                    From:
Tel# w/area:                            Tel# w/area: 617 469 9047               Tel# w/area:
Adr:                                    Adr: 36 TEMPLE ST /WEST ROXBURY         Adr:
Unit #:                                 Unit #: 66                              Unit #:
May Maint Enter Your Apt?::             May Maint Enter Your Apt?:: YES         May Maint Enter Your Apt?::
Msg/Prob:                               Msg/Prob: PLEASE CALL RE:SMOKE FIRE     Msg/Prob:
* 4:41p We Feb-21 BLS NC INFO           WALLS ARE ALL SMOKEY AND CEALING        * 1:48p We Feb-21 CAM NC INFO
Dispatch Emerg Calls Y/N::              * 2:00p We Feb-21 MLJ TO PAGE   T/O      Dispatch Emerg Calls Y/N::
FMDS:0654:                              Dispatch Emerg Calls Y/N:: Y            FMDS:0654:
Caller Id: (508)472-1154                FMDS:0654:                              Caller Id: (617)988-5116
                                        Caller Id: (617)469-9047

EXhibiT
6-

**\*88781** M.G.L.A. 276 § 2A

MASSACHUSETTS GENERAL LAWS
ANNOTATED
PART IV. CRIMES, PUNISHMENTS
AND PROCEEDINGS IN CRIMINAL
CASES
TITLE II. PROCEEDINGS IN
CRIMINAL CASES
CHAPTER 276. SEARCH
WARRANTS, REWARDS, FUGITIVES
FROM JUSTICE, ARREST,
EXAMINATION, COMMITMENT
AND BAIL.  PROBATION OFFICERS
AND BOARD OF PROBATION
SEARCH WARRANTS

*Current through Ch. 20 of the 2005 1st Annual
Sess.*

§ 2A. Form of warrant

The warrant shall be in substantially the
following form:

THE COMMONWEALTH OF
MASSACHUSETTS.

(COUNTY), ss.              (NAME) COURT.
To the Sheriffs of our several counties, or their
deputies, any State Police Officer, or any
Constable or Police Officer of any city or town,
within our said Commonwealth.

Proof by affidavit having been made this day
before (name of person authorized to issue
warrant) by (names of person or persons whose
affidavits have been taken) that there is probable
cause for believing that (certain property has been
stolen, embezzled, or obtained by false pretenses;
certain property is intended for use or has been
used as the means of committing a crime; certain
property has been concealed to prevent a crime
from being discovered;   certain property is
unlawfully possessed or kept or concealed for an
unlawful purpose).

We therefore command you in the daytime (or at
any time of the day or night) to make an

immediate search of (identify premises) (occupied
by A.B.) and (of the person of A.B.) and of any
person present who may be found to have such
property in his possession or under his control or
to whom such property may have been delivered,
for the following property:

(description of property)

and if you find any such property or any part
thereof to bring it and the persons in whose
possession it is found before (court having
jurisdiction) at (name of court and location).

Dated at (city or town) this .......... day of ..........,
(insert year).

Clerk.

CREDIT(S)

*Added by St.1964, c. 557, § 3. Amended by St.1998, c. 463,
§ 191.*

<General  Materials  (GM)  -  References,
Annotations, or Tables>
**\*88782**

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

St.1964, c. 557 § 3, was approved June 16, 1964.
Emergency declaration by the Governor was filed June 23,
1964.

St.1998, c. 463, § 191, an emergency act, approved Jan. 14,
1999, a corrections bill, substituted "(insert year)" for "19 ".

REFERENCES

LAW REVIEW AND JOURNAL
COMMENTARIES

Illegal search and seizure. Walter H. McLaughlin, Jr., 13
Ann.Surv.Mass.L. 373 (1966).

Reasonable scope of search warrants for premises:  First
circuit, 1973-1974 term.  (1975) 9 Suffolk U.L.Rev. 643.

Search warrants. Reuben Goodman, 13 Ann.Surv.Mass.L.
159 (1966)

© 2005 Thomson/West. No claim to original U.S. Govt. works.

## LIBRARY REFERENCES

### 2004 Main Volume

Controlled Substances ☜141.
Searches and Seizures ☜123.
Westlaw Topic Nos. 349, 96H.
C.J.S. Searches and Seizures §§ 129 to 130, 148, 173 to 174.

## RESEARCH REFERENCES

ALR Library

2002 ALR 5th 18, Delay in Execution of Search Warrant as Affecting Admissibility of Evidence Seized Under Warrant.

Treatises and Practice Aids

30 Mass. Prac. Series § 184, The Contents of the Affidavit.

30 Mass. Prac. Series § 236, Time that Search Warrant Must be Served.

42 Mass. Prac. Series § 5.12, Staleness.

14A Mass. Prac. Series § 9.31, Search Pursuant to Warrant-Generally.

14A Mass. Prac. Series § 9.41, Description of Place to be Searched.

14A Mass. Prac. Series § 9.42, Description of Persons to be Searched.

**\*88783** 14A Mass. Prac. Series § 9.44, Execution of Warrant.

17B Mass. Prac. Series § 52.82, Constitutional Defenses-Illegal Search and Seizure-Search Under a Warrant.

## ANNOTATIONS

### NOTES OF DECISIONS

In general 1
Affidavit 4
Application 3
Purpose 2
Signature 5
Timeliness of execution 6

### 1. In general

Particularity is demanded of search warrants and they are to be read without poetic license. Com. v. Hall (1975) 323 N.E.2d 319, 366 Mass. 790. Searches And Seizures☜124

This section should be construed to require execution of search warrant within a reasonable time. Com. v. Cromer (1974) 313 N.E.2d 557, 365 Mass. 519.

Constitutional and statutory provisions that writs shall bear the teste of the justice of the issuing court are directory only and not mandatory requirements, the absence of which would destroy the validity of a search warrant otherwise correctly issued. Com. v. Wilbur (1967) 231 N.E.2d 919, 353 Mass. 376, certiorari denied 88 S.Ct. 1260, 390 U.S. 1010, 20 L.Ed.2d 161. Searches And Seizures ☜123.1

### 2. Purpose

The legislative purpose as disclosed in this section and §§ 2B and 2C of this chapter is to make sure that the Commonwealth can demonstrate by a writing that any given search and seizure was reasonable and was based on probable cause. Com. v. Monosson (1966) 221 N.E.2d 220, 351 Mass. 327. Searches And Seizures ☜108

### 3. Application

Presence of assistant attorney general, giving clear official sponsorship to application for search warrant signed by telephone company's "security representative," who was also affiant and supplied basic facts, gave clear official sponsorship to application, thus satisfying essence of claimed requirement that applicant be an officer, not a private individual. Com. v. Bond (1978) 375 N.E.2d 1214, 375 Mass. 201. Searches And Seizures ☜106

**\*88784** Since application and search warrant were part of same form and appeared on same side of same piece of paper, requirements of this section that warrant refer to affidavit and name the person who filed it, that it state that applicant had probable cause to believe that property was being used in illegal activities, and that place to be searched and property to be seized be specifically identified, were satisfied where such elements were included in application for the warrant. Com. v. Mele (1970) 263 N.E.2d 432, 358 Mass. 225. Searches And Seizures ☜123.1

Every effort should be made to draft application for search warrant in accordance with constitutional and statutory requirements but rigors of average criminal investigation are not to be intensified by pecksniffian attention to noncrucial detail on review. Com. v. Von Utter (1969) 246 N.E.2d 806, 355 Mass. 597. Searches And Seizures ☜105.1

Under circumstances, including fact that police officer told clerk that his informant was participant in robbery, there was sufficient information before clerk to enable him to determine existence of probable cause, and under law existing prior to 1964 act, search warrants were properly issued, notwithstanding fact that applications only recited that officer "believed" that weapons used in commission of robbery and cloth bank bags taken were located on premises to be searched. Com. v. Owens (1966) 216 N.E.2d 411, 350 Mass. 633. Searches And Seizures ☜114

© 2005 Thomson/West. No claim to original U.S. Govt. works.

4. Affidavit

No evidence to support issuance of search warrant may be considered which is not contained in affidavit, even if magistrate issuing warrant was informed of evidence. Com. v. Brown (1968) 237 N.E.2d 53, 354 Mass. 337. Searches And Seizures ☜109

Where affidavit which furnished basis for search warrant failed to comply with this section and §§ 2B and 2C of this chapter, court could not consider the sworn testimony presented to the magistrate in addition to the information contained in the written affidavit in making its decision as to probable cause for issuance of warrant. Com. v. Monosson (1966) 221 N.E.2d 220, 351 Mass. 327. Searches And Seizures ☜108

5. Signature

Judge's failure to sign search warrant he intended to issue did not render unlawful search executed pursuant to warrant, where judge signed affidavit supporting warrant and told officer that warrant was good, and officer, before executing search, told defendant name of judge who authorized warrant. Com. v. Pellegrini (1989) 539 N.E.2d 514, 405 Mass. 86, certiorari denied 110 S.Ct. 497, 493 U.S. 975, 107 L.Ed.2d 501. Searches And Seizures ☜123.1

*88785 6. Timeliness of execution

In view of this section and 3A of this chapter requiring immediate execution of search warrant and a return of warrant within seven days, no search warrant may be validly executed more than seven days after the issuance. Com. v. Cromer (1974) 313 N.E.2d 557, 365 Mass. 519. Searches And Seizures ☜145.1

Current through Ch. 20 of the 2005 1st Annual Sess.

© 2005 Thomson/West. No claim to original U.S. Govt. works.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

LEON ROBINSON,
Plaintiff

v.

THOMAS MENINO, PAUL F.
EVANS, JAMES WYSE,
MICHAEL PRIMM, JOHN A.
MARTEL, WAYNE ROCK,
GARRETT MITCHELL,
CHARLES HARDY, AMERICAN
BROADCASTING CO., INC.,
HEARST-ARGYLE STATION
INC., WCVB TV (Channel 5,
Boston) DENNIS MCCARTHY
AND JOHN DOE I,
Defendants

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I, plaintiff hereby
certify that I have been unable to contack nor communicate with
the Defendant(S), and their Attorney(S), as the Plaintiff is
currently incarcerated and is without Counsel to communicate with
the Defendants, concerning the Plaintiff's Supplemental Motion to
Plaintiff's Opposition to the Defendant's Motion to Dismiss the
Complaint and therefore I were unable to resolve or narrow the
issue prior to filing the above motion.

                    Respectfully Submitted,
                    BY THE PLAINTIFF,

(1)

LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464


## CERTIFICATE OF SERVICE


I, Leon Robinson, hereby certify that on this 19th day of
Sepember, 2005, I served a copy of the forgoing upon:
All of the Defendant(S) Counsel(S) by prepaid first class postage
mail to all parties in this Civil case.


DATE: 9/19/05

LEON ROBINSON, PLAINTIFF, W-85592

(2)