UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11023 RCL

| | |
|---|---|
| LEON ROBINSON,<br>Plaintiff<br><br>v.<br><br>THOMAS MENINO, PAUL F.<br>EVANS, JAMES WYSE,<br>MICHAEL PRIMM, JOHN A.<br>MARTEL, WAYNE ROCK,<br>GARRETT MITCHELL,<br>CHARLES HARDY, AMERICAN<br>BROADCASTING CO., INC.,<br>HEARST-ARGYLE STATION<br>INC., WCVB TV (Channel 5,<br>Boston) DENNIS MCCARTHY<br>AND JOHN DOE I,<br>Defendants | (Memorandum Incorporated) |

## SUPPLEMENTAL MOTION TO PLAINTIFF'S OPPOSITION
## TO THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Now Comes plaintiff Leon Robinson who respectfully moves this Honorable Court to find All of the Defendant(S) in this Civil case in violation of Mr. Robinson's Rights, as his property was seized from his apartment located at 27 Spring Street in West Roxbury, MA pursuant to Article XIV of the Massachusetts Declaration of Rights and the Fourth Amendment to the United States Constitution. Plaintiff also seek a copy of A "videotape" used by the ABC, News and by the Boston Police during the taping of the crime scene, and during the search to record the contents of his apartment.

As grounds for this supplemental motion, plaintiff states the following:

1. The search of Mr. Robinson's apartment was unconstitutional and in violation of **M.G.L. c. 276. Sec. 1** et seq. and Article

XIV of the Massachusetts Declaration of Rights, and the Civil Rights violation 42 U.S.C. § 1983, because:

    **(A)** The Boston Police and ABC News memebers conducted a warrantless search of Mr. Robinson's apartment on February 21, 2001. Although >>°police obtained approval from the Judge in the early morning hours (approximately 3:15 a.m.) of February 22, 2001, plaintiff avers on information and belief that the police actually entered his apartment and began searching, and possibly videotaping, shortly after Mr. Robinson's arrest on February 21, 2001 at approximately 10:30 p.m. See Warrant and compare to Affidavit of Leon Robinson attached hereto respectively as Exhibit 1,

    **(B)** The entry, search and possible videotaping of the apartment was clearly performed in violation of the warrant clause as Mr. Robinson was under arrest at the time, did not give any permission for them to enter and there were no exigent circumstances in existence at that time. which would have permitted a warrantless entry and search. See Article XIV and the Fourth Amedment to the United States Constitution.

**Furthermore,** the serach was not incident to his arrest given that Mr. Robinson voluntarily turned himself in near a convenience store around the corner from his apartment building. See <u>Commonwealth v. Nova</u>, 50 Mass. App. Ct. 633, 635 (2000) See Arrest Report attached as Exhibit 2.

Article 14 provides:

"Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his house , his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest. or and seizure: and no warrant ought to be issued but in cases, and with the formalities prescribed by the law."

(C) It is the burden of the Defendant(S) °to demonstrate that its warrantless search and seizure was lawful and fell within a permissible exception to the warrant clause. Commonwealth v. Barry, 420 Mass. 95, 105-106 (1995) The °Defendant(S) cannot satisfy that burden in this civil action case.

(2) If the police and ABC News, 24/7 videotaped the plaintiff apartment during or before the search, then the video tape must be provided to the Plaintiff, Leon Robinson, for examination, and if the crime scene as well had been videotaped during or before the search it also needs to be examined, and, ultimately, allow the Plaintiff Leon Robinson's Civil Action Complaint move forward to trial pursuant to the fruit of the poisonous tree doctrine.

(3)

As these statements were obtained unconstitutionally, thay must excised from the Affidavit submitted in support of the warrant pursuant to the fruit of the poisonous tree doctrine. See **Wong Sun v. United States**, 371 U.S. 471 (1964)

**Wherefore,** Plaintiff, Leon Robinson, moves this Honorable Court to allow this case move forward to trial and to fined that All of the Denfendant(S) in violation of the plaintiff's Rights, and to return all Property, Videotapes, House Key(S), Personal Papers seized during the search of 27 Spring Street, Apt# 53 in West Roxbury for the forgoing reasons. Plaintiff also moves this Honorable Court with all respect for an evidentiary hearing.

**PLAINTIFF RESPECTFULLY REQUEST AN ORAL ARGUMENT FOR THIS MOTION**

Respectfully Submitted,
BY THE PLAINTIFF,

LEON ROBINSON, PRO SE
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

(4)

1

EXHIBIT
1.

## AFFIDAVIT OF THE PLAINTIFF LEON ROBINSON

I, Leon Robinson, do state and depose that:

1. My true name is Leon Robinson and I am presently incarcerated in Souza Baranowski Prison in Shirley, MA. I live at 27 Spring Street, Apt. 53, West Roxbury, MA when the Boston Police searched it pursuant to a un-signed warrant in this case in February 2001. I had an expectation of privacy in this apartment at all relevant times described in the warrant and attached affidavits for the search conducted on my apartment.

2. On February 21, 2001, I **turned my self in to the Boston** Police and I was arrested, as I had met with them at a store on the street in West Roxbury. They told me that I was under arrest for the shooting of Ricardo Robinson.

3. They placed me in cuffs and brought me to the police station. At some point I was booked and processed.

4. More then an houn after arriving at the station, the detectives asked me if I wanted to say any**thing. As they told me** that I could help myself if I spoke with them, I agreed to give a statement. I would have like to call a family member or lawyer but did not understand that I could use their telephones to do so. While I knew that I had a right to a lawyer, I thought would have to wait until I got to court the next day. I was feeling pressured to speak given that I was alone and did not understand that I could call someone to discuss my options.

5. At no time prior to giving this statement, did the Boston Police inform me that I could call a friend, family member or a lawyer.

(1)

6. I gave the police a statement and then, sometime into my statement, they asked if I could speak with anyone who could verify where I was that night. They then asked me to call that person which I did.

7. Althought I was permitted to make this call, I had already spoken to the police at length and believed that I had to continue. If I had known prior to giving this statement that I had a Right to call a lawyer or family member to discuss my options, I would never have spoken to the Boston Police that night.

8. The police took my Keys, and my Jacket after I was arrested without my consent. At this date and time year 2005, the Boston Police still have my House Keys and other items.

Signed under pain and penalties, on this 10th day of September, 2005.

Respectfully Submitted,

LEON ROBINSON, W-85592
S.B.C.C.
P.O. BOX 8000
SHIRLEY, MA 01464

(2)



Exhibit 2.

# Boston Police INCIDENT REPORT

**HANDPRINT**

| Field | Value |
|---|---|
| ORIGINAL / SUPPLEMENTARY | SUPPLEMENTARY ☒ |
| 01. KEY SITUATIONS | OTHER ☒ |
| 02. COMPLAINT NO | 010-094970 |
| 03. REPORT DIST. | D-14 |
| CLEARANCE DIST. | D-14 |
| PAGE | 1 OF 1 |
| 04. TYPE OF INCIDENT | Homicide Arrest |
| 06. STATUS | ARREST |
| 07. DATE OF OCCUR. | 02/21/01 to 02/21/01 |
| 08. LOCATION OF INCIDENT | 1587 Commonwealth Ave. Brighton |
| 09. DISPATCH TIME | 16:42 |
| 10. TIME OF OCCUR | 16:30 |
| 11. VICTIM | Commonwealth of MA, Boston Police Dept. |
| 12. PHONE | 343-4470 |
| 16. ADDRESS | Homicide Unit, 1 Schroeder Plaza |
| 19. PERSON REPORTING | Sgt. Det. James J. Wyse Et-al |
| 20. ADDRESS | Homicide Unit |

## PERSONS

| Field | Value |
|---|---|
| 24. | ARREST ☒ |
| 25. NAME | Robinson, Leon |
| 26. S.S. NO. | 016569506 |
| 27. BOOKING NO. | 01-154-14 |
| 30. ADDRESS | 27 Spring Street, Apt. 53 W. Rox |
| 32. SEX | M |
| 33. RACE | B |
| 34. AGE | 37 |
| 35. HEIGHT | 5'7" |
| 36. D.O.B. | 12/06/63 |
| 38. WEIGHT | 165 |
| 39. BUILD | Med |
| 40. HAIR | blk |
| 41. EYES | brn |

## M.O.

| Field | Value |
|---|---|
| 65. TYPE OF WEAPON/TOOL | Handgun |
| 66. NEIGHBORHOOD | Comm.-Res. |
| 67. TYPE OF BUILDING | Barber Shop |
| 68. PLACE OF ENTRY | Front Door |
| 69. WEATHER | Clear- Cold |
| 70. LIGHTING | Art. |
| 71. TRANSPORTATION OF SUSPECT | Foot/Unkn |
| 72. VICTIM'S ACTIVITY | Working |
| 73. UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR | Shot victim in the course of an argument |

**76. NARRATIVE AND ADDITIONAL INFORMATION**

As the result of an ongoing investigation into the murder of Recardo Robinson that occurred on 02/21/01 at approximately 16:30 hours at 1587 Commonwealth Ave. Brighton, the above named suspect, Leon Robinson, was identified as the perpetrator. As a result of making this identification the suspect was arrested without incident at the intersection of Spring and Temple Street, West Roxbury on 02/21/01 at about 22:45 hours. The suspect was transported to the Homicide Unit and interviewed and then transported to District 14 where he was charged and booked for the murder of Recardo Robinson.

| Field | Value |
|---|---|
| 77. UNIT ASSIGNED | V-906-F |
| 78. TOUR OF DUTY | 3 |
| 80. REPORTING OFFICER'S ID | 8489 |
| 81. PARTNER'S ID | 6915 |

000572